Perkins, J.,
delivered the opinion of the Court, holding that the affidavit disclosed no sufficient ground for the issuing of a mandamus, — That one of the principles of law governing applications for writs of mandamus is, that they will not be granted when the party applying has a different legal remedy. — 13 Peters's R. 279; id. 404; 5 Wend. R. 114; 10 id. 285; id. 393; 12 Pctersdorf, 440. That if it was illegal for the Probate Court to try the cause in the absence of the petitioner and his attorneys, simply on account of such absence, there was a sufficient remedy by appeal or writ of error; and as to the judgment on the motion for a new trial, if the Court possessed the power, at the time the motion was made, to grant such new trial and improperly refused to do so, an appeal or writ of error would lie from such decision; that if it was in the power of the Probate Court, no special fact appealing to prevent it, to try the cause in the absence of tire petitioner and his attorneys, and the motion for a new trial was too late to entitle it to a hearing, and, no exceptions being upon record, a writ of error would have been unavailing, while nevertheless the Circuit Court should be held to have the power to correct any intervening error by mandamus, there was no case made by the plaintiff below which entitled Mm to a remedy of that character.
Q,acre. — If it had appeared that the judgment in the Probate Court was obtained by fraud, would not the party injured be left to his remedy in chancery ?
The judgment of the Circuit fiourt awarding a mandamus reversed.