## WILLIAMS & WYAN v. THE JUDGE OF THE COOPER COURT OF COMMON PLEAS.

27 225
121 67
123 636

1. A mandamus, as a general rule, will not issue unless the party asking it has a clear right and no other specific legal remedy; it will not be granted to bring under review the proceedings of an inferior court on the ground of error, and therefore it will be refused in a case in which a writ of error will lie, or where the party can be redressed by appeal.

*Stephens & Vest*, for petitioners.

I. The court properly assessed the damages and rendered judgment at the first term. (20 Mo. 96; R. C. 1855, p. 356, 1222; 24 Mo. 27; 6 J. J. Marsh. 354; 4 Monr. 415; 1 B. Mon. 150; 22 Mo. 433; 6 How. Pract. R. 326.)

II. The attorneys who filed the motion, in the name of defendant, to set aside the judgment and quash the execution, had no right to appear for the defendant or to make any such motion. (Keith v. Wilson, 6 Mo. 435; 3 Monr. 190.)

RICHARDSON, Judge, delivered the opinion of the court.

Williams and Wyan filed their petition in the Cooper court of common pleas, on an open account for lumber sold and delivered, against the Central Agricultural Society, which is a corporation, but the summons was issued against N. G. Elliott and Wm. H. Trigg. At the return term of the writ an entry appears in these words: " The defendant, by N. G. Elliott, the president of said society, now here enters its appearance and waives its right to a continuance."

Afterwards, during the same term, the record shows that the parties came, and by consent submitted the case to the court; whereupon the damages were assessed without a jury, and final judgment rendered, for the amount claimed in the petition. On this judgment an execution was issued, and at the return term thereof, in January, the defendant appeared by attorney, and on its motion, after notice to the plaintiffs, the court quashed the execution and set aside the judgment rendered at the previous November term. To this decision the plaintiffs excepted and filed their motion for an *alias* execution, which was denied, and they now apply for a *mandamus* to compel the court to issue another execution.

The writ in this case was void because it was not issued against the defendant; but as the president was the proper officer on whom to serve any process against the defendant, (1 R. C. 1855, p. 376,) his appearance in court on behalf of the society was sufficient to give the court jurisdiction of the parties and the cause. (Chamberlin v. Mammoth Mining Co. 20 Mo. 96.)

Any irregularity in giving final judgment at the return term was cured by the mutual consent of the parties; (Boernstein v, Heinrichs, 24 Mo. 27;) and, conceding that it

was improper to assess the damages before a default had been taken, the judgment was not void for that reason. During the term at which the judgment was rendered the power existed to modify or vacate it, as the record remained in the breast of the court; but as the judgment was not void, and at most was only erroneous, we think that the court improperly set it aside. (Ashby v. Glasgow, 7 Mo. 320; Hill v. City of St. Louis, 20 Mo. 584.) The effect of the order made at the January term quashing the execution and vacating the judgment of the previous term was to dismiss the suit, and it therefore operated as a final judgment, on which a writ of error will lie. It is a general rule that a *mandamus* will not issue unless the party asking it has a clear right and no other specific legal remedy. It will not be granted to bring under review the proceedings of an inferior court on the ground of error, and therefore it will be refused in a case in which a writ of error will lie, or where the party can be redressed by appeal. (6 Bacon's Abr. tit. Mandamus, C.; Hoyt *ex parte* 13 Pet. 279; Nelson *ex parte*, 1 Cow. 417; People v. Judges of Dutchess, 20 Wend. 658; Gordon *ex parte*, 2 Hill, 363; The Councils of Reading v. Commonwealth, 11 Penn. 196; James v. Comm'rs of Bucks Co. 13 Penn. 72; Marshall v. State, 1 Smith, 17.)

The petition will be overruled. The other judges concur.