CRANE COMPANY, Appellants, v. HAWLEY, KERAGHAN & Co., *et al.*, Respondents.

Kansas City Court of Appeals, November 6, 1893.

Appellate Practice: DISCRETION OF TRIAL COURT: MOTION TO RE-DOCKET. A motion to re-docket a cause dismissed for want of prosecution is addressed to the discretion of the trial court; and the appellate court will not interfere with such discretion, unless manifestly abused. In this case there is no such abuse.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Crysler, Sherlock & Stearns*, for appellant.

(1) The case was a *jury case* and the appellant's attorney had so announced in writing under rule one, and *no waiver* of a jury had ever been made or entered. *The records of the court show no waiver; the minutes of the court show no waiver of a jury.* (2) Appellant insists that error was committed to its prejudice in overruling the motion to set aside the order of dismissal and refusing to reinstate the case. The evidence upon the motion, by the defendant's as well as plaintiff's witnessess, all agree in regard to all the matters about which they testify to; *there is no conflict of evidence.* Hence the court of appeals will look into the court's declaration of the law upon *the undisputed facts. Rothschild v. Railroad*, 92 Mo. 91; *Avery v. Fitzgerald*, 94 Mo.

207. In passing upon the facts in this case upon the trial of the motion to reinstate the case, as well as the motion for a new trial, it was the duty of the trial court to make every inference of fact in favor of the evidence offered which a jury might with any degree of propriety have inferred in favor thereof, which in the light of all reason the appellant insists the court did not do. *Jackson v. Ins. Co.*, 27 App. Rep. 62; *Walton v. Railroad*, 32 App. Rep. 634.

*Porterfield & Pence*, for respondent, J. S. Chick.

A motion of this kind is addressed to the sound discretion of the court in which it is made, and, as stated in *Griffin v. Veil*, 56 Mo. 310, a similar case: "It would require a very strong case to require the discretion of this court to be substituted for that of the courts of first instance."

GILL, J.—On January 27, 1892, this cause was pending in division number 1 of the Jackson circuit court. The court was that day engaged in trying "court cases," or those wherein a jury was not wanted or had been waived. When this case was called for trial, the plaintiff failing to appear, it was dismissed for want of prosecution. On the second day thereafter plaintiff filed a motion to set aside the dismissal and reinstate the cause on the docket. In due season the court heard evidence on the motion and overruled the same, and the plaintiff appealed.

The reasons assigned in the motion to set aside the dismissal were two: *First*, that at the time the cause was called for trial in division one, Crysler and Sherlock, two of the three attorneys named in the record as appearing for plaintiff, were absent and actually engaged trying cases in divisions four and three of said

court; and, *second*, that this cause was improperly called on the court docket because trial by jury had not been waived.

The record, as now amended by *nunc pro tunc* entry, shows that trial by jury was waived by the parties in open court, and hence this disposes of the second ground of the motion, to-wit: that the cause was improperly set on the court docket.

As to the first ground—that is the alleged unavoidable absence of attorneys Crysler and Sherlock—we have examined with care all the evidence adduced in the trial of the motion and fail to discover any reason for our interference. The rule adopted by the appellate courts of this state in matters of this kind is well understood. Such motions are addressed to the sound discretion of the trial court; and with that discretion we will not interfere, unless manifestly abused. We find no such abuse in this proceeding. We take it that in this cause a jury had been waived in open court— the record so recites, and the evidence in support of the *nunc pro tunc* order fully sustains the court in making such entry. We assume also that the cause was regularly docketed and set for a day certain on the court's calendar. It was then the duty of plaintiff's counsel to attend and answer for their client on the day set for trial. The alleged excuse for not doing so, as shown by the evidence, is that attorney Crysler (one of the plaintiff's counsel) was after about eleven o'clock of that day engaged in another court. Whether or not he might not have looked after this case before entering into the trial of a cause in division four is not clear. For aught that appears here he could well have answered to the case in division one before going into the trial in division four.

But more than this, the record shows that *three* attorneys, Crysler, Sherlock and Stearns, were engaged

to appear for this plaintiff; and there is no excuse shown for the absence of Sherlock and Stearns. Nor is it shown that Crysler was relied upon by the plaintiff to take care of the case.

We fail to discover anything in the court's rules (which plaintiff has incorporated in this record) that lend any aid to plaintiff's contention.

We must affirm the judgment, and it is so ordered. All concur.