THE STATE ex rel. SPRING RIVER ELECTRIC POWER COMPANY v. BERRY G. THURMAN.

**In Banc, December 31, 1910.**

1. **CONTINUANCE: Upon Condition: Payment of Costs.** The circuit court, upon plaintiff's application for a continuance, has power to continue the case upon condition that the case is to stand dismissed unless the costs are paid by plaintiff ten days before the first day of the next term; and plaintiff, by accepting the continuance, accepts the condition upon which it was made. And if the costs are not paid, the case stands dismissed at the next term without any further order.

2. **DISMISSAL: Appeal: Mandamus.** An appeal will lie from an order dismissing a cause for failure to pay costs at the term at which a continuance was granted to plaintiff; and, if there is any error or abuse of discretion in said order of dismissal, it can be cured by appeal, and hence mandamus will not lie to compel the trial court to reinstate said cause.

Mandamus.

PEREMPTORY WRIT DENIED.

*Halbert H. McCluer* and *Frans E. Lindquist* for relator.

(1)    There is no complaint by the relator about taxing the costs of such continuance against the plaintiff in said cause, the Spring River Electric Power Company. The relator, however, objects to the paying of witness fees of P. J. Lenhard, 1 day and 434 miles travel from Sapulpa, Oklahoma, to Lamar and return, $22.95. There is no statute authorizing the taxing of such non-resident witness fee. Ever since May 7, 1906, there has been on file in the office of the clerk of said court, a bond for costs, and no motion to file an additional bond has been filed by said defendants. No execution was issued by the clerk of said court for such term costs. R. S. 1899, secs. 682 and 1573. Can it be presumed that the plaintiff's officers, had they known

about the conditional order made by the court, would have permitted a case of such importance to be dismissed for non-payment of costs? Surely not. As we understand the method of judicial procedure, the only time that a case can be dismissed for want of prosecution, is when plaintiff is duly and· solemnly called in court, during term, when the case is called, and neither plaintiff nor counsel appears. As to the authority of the court to make an order to take effect upon a certain contingency in the future, we have been unable to find any statute or decision. All that such order could have amounted to was a "threat" that the court would dismiss the case at the next term, unless the costs had been paid in that time. (2) The general rule that mandamus is the proper remedy to compel an inferior court to reinstate a cause which has been improperly stricken from the docket, was first decided by this honorable court in 1822, and continuously thereafter that rule has been followed. Astor v. Chambers, 1 Mo. 191; Miller v. Richardson, 1 Mo. 310; State ex rel. v. Court of Common Pleas, 73 Mo. 560; State ex rel. v. Neville, 157 Mo. 386; State ex rel. v. Smith, 172 Mo. 446.

*H. W. Timmonds* and *J. D. Harris* for respondent.

(1) The court exercised a sound discretion in making the order of continuance conditional upon plaintiff's paying the term costs, and ordering the case to stand dismissed for plaintiff's failure to comply with such condition. 14 Cyc. 450; Larimore v. Bobb, 114 Mo. 450; Street v. Bushnell, 24 Mo. 328; Pitkin v. Flagg, 198 Mo. 646. The court may make a dismissal conditional on plaintiff's non-compliance with the terms imposed by its order, and may make a dismissal conditional on plaintiff's refusal to pay costs. 14 Cyc. 453; Pitkin v. Flagg, 198 Mo. 646; Larimore v. Bobb, 114 Mo. 450. A motion for a continuance is addressed to the sound discretion of the court. And when a party

has had several continuances on his application, and applies for another, the court may properly be more strict than on the previous applications, and any reasonable conditions imposed by the trial court will be sanctioned by the appellate court. State v. Maguire, 69 Mo. 205. The granting or refusing of a continuance is a matter resting largely in the discretion of the trial court, and unless it clearly appears that such discretion has been abused the appellate court will not interfere. Carpenter v. Meyers, 32 Mo. 213; State v. Maguire, 69 Mo. 205; State v. Cummings, 189 Mo. 641; State v. Riney, 137 Mo. 104; State v. Parker, 106 Mo. 217. Likewise a motion to redocket a case dismissed for want of prosecution is addressed to the discretion of the trial court, and the appellate court will not interfere with such discretion, unless manifestly abused. Crane Co. v. Hawley, 54 Mo. App. 603; Griffin v. Veil, 56 Mo. 310. Where plaintiff shows no diligence, his suit should be dismissed for failure to prosecute. Pitkin v. Flagg, 198 Mo. 646. (2) Plaintiff has an adequate remedy by appeal: (a) An appeal lies from an order overruling a motion to reinstate the cause on the docket. Larimore v. Bobb, 114 Mo. 446; Crane Co. v. Hawley, 54 Mo. App. 603. (b) An appeal lies from an order dismissing the case for failure to prosecute. Pitkin v. Flagg, 198 Mo. 646; Crane Co. v. Hawley, 54 Mo. App. 603. (c) An appeal lies from an order of dismissal. State ex rel. v. Mosman, 112 Mo. App. 540. (3) Mandamus will not lie where the matter is reviewable by appeal or writ of error. Williams v. Court of Common Pleas, 27 Mo. 225; State ex rel. v. Mosman, 112 Mo. App. 549; State ex rel. v. Lubke, 85 Mo. 338; Blecker v. Law Commissioner, 30 Mo. 111; State ex rel. v. McKee, 150 Mo. 233; State ex rel. v. Fort, 180 Mo. 109; State ex rel. v. McCutchan, 119 Mo. App. 76.

WOODSON, J.—This is an original proceeding by mandamus brought in this court against the respondent

as judge of the circuit court of Barton county to compel the reinstatement of the case of the Spring River Electric Power Company against H. J. Mink and Albert Rich, which was dismissed for failure to comply with an order of the court to pay certain costs mentioned therein. An alternative writ was issued, and in due course respondent made and filed his return thereto.

The petition for the writ is as follows (formal parts omitted):

"Comes now the above named relator, and respectfully represents and shows to this honorable court:

"That the Spring River Electric Power Company is now, and at all of the dates and times hereinafter mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri. That the respondent, the Honorable B. G. Thurman, is a duly elected, qualified and acting judge of the circuit court within and for Barton county, State of Missouri. That on or about the 10th day of January, 1910, and for a long time prior thereto, there was then and there pending in the circuit court of Barton county, Missouri, a certain action entitled: 'The Spring River Electric Power Company, plaintiff, vs. Lavina Mink, as administratrix of the estate of H. J. Mink, deceased, and Albert Rich, defendants,' numbered 2660, which said action was for actual and exemplary damages—$7500 actual and $5000 exemplary damages, respectively instituted by said relator, the Spring River Electric Power Company, as plaintiff, against said H. J. Mink and Albert Rich, as defendants, in the circuit court of Jasper county, Missouri, on or about the 31st day of May, 1905, thereafter transferred to the circuit court of Barton county, Missouri, on a change of venue, and during the pendency of such suit the said H. J. Mink having died, his duly appointed, qualified and acting administratrix was thereupon made a party defendant to said cause, and both of said defendants,

Lavina Mink, as administratrix of the estate of said H.
J. Mink, deceased, and said Albert Rich, filed their
separate answers in said cause, and the plaintiff having
filed its reply thereto, said cause stood properly for
trial at the January, 1910, term of said circuit court
of Barton county, Missouri.

"That on said 10th day of January, 1910, same
being on the first day of January, 1910, term of said
circuit court of Barton county, Missouri, the said re-
lator, the Spring River Electric Power Company, as
plaintiff in said cause, caused to be filed in the office of
the clerk of the circuit court of said Barton county,
Missouri, an application for continuance, by reason of
the serious illness of James J. Hitt, Esq., a duly li-
censed and practicing attorney of Kansas City, Mis-
souri, and attorney of record for said plaintiff, which
said application for a continuance was presented to
said circuit court by one J. B. McGilvray, Esq., a duly
licensed and practicing attorney of Lamar, Missouri,
at request of H. H. McCluer, Esq., one of the attorneys
for plaintiff; that said application for a continuance
was taken up, considered and sustained by the respond-
ent, the judge of said circuit court of Barton
county, on said 10th day of January, 1910, by the fol-
lowing order on the judge's docket, to-wit:

" '*Order of Court.* Plaintiff filed application for
a continuance. Cause continued on application of the
plaintiff and at plaintiff's costs and ordered that if the
costs of the term are not paid ten days before the next
term of this court, the same to stand dismissed for want
of prosecution.'

"That thereupon, and by virtue of said aforesaid
order of court, the clerk of said court entered the
following order of record, in circuit court records No.
5, of Barton county, at pages 613 and 614, to-wit:

" 'January 10, 1910. Now comes on for final hear-
ing and determination the application of plaintiff for
continuance heretofore filed herein, and the same being

seen, heard and duly considered by the court, is by the court sustained and the cause is hereby continued, at plaintiff's cost, and all costs of this term of court is hereby taxed against plaintiff, and it is further ordered by the court in sustaining said application for continuance that the plaintiff pay all costs of this term of court herein, taxed v. plaintiff on or before ten days before the first day of the next term of this court; and if the said plaintiff does not pay such costs on or before ten days before the next term of this court, then this cause is to stand dismisssed for want of prosecution.'

"That thereafter, on or about the 4th day of April, 1910, the clerk of said circuit court of Barton county, attempted to dismiss said cause, as per the previous order of the court, made on said 10th day of January, 1910.

"That neither the officers, agents or attorneys of the Spring River Electric Power Company had any knowledge or notice of such conditional order having been attached to said order granting continuance, until the 9th day of April, 1910, when they were so informed, by telegram, from J. D. Harris, Esq., one of the attorneys for said defendants, and that the said J. B. McGilvray had no knowledge of such conditional order having been rendered by the court until the 10th day of April, 1910.

"That during all of said dates and times, from the 7th day of May, 1906, and up to the time of the filing of this petition, there was on file in the office of the clerk of the circuit court of said Barton county, a good and sufficient bond for costs in said cause, and no fee-bill issued against the plaintiff and the sureties on such cost bond on such term bill.

"That thereafter, on the 11th day of April, 1910, same being on the first day of the regular April, 1910, term of said circuit court, the said relator as plaintiff caused to be filed in the office of the clerk of the circuit court of said Barton county, a motion to set aside such

pretended order of dismissal, and reinstate said cause and set the same down for trial at some subsequent day of said April term (such trial having been previously set down for trial on Monday, the 11th day of April, 1910), for the following reasons, to-wit:

"First.    Because the court was wholly without jurisdiction or power to attach to such order of continuance, at cost of the plaintiff, a proviso that unless the cost of such continuance be paid on or before ten days before the next term of this court, then this action should stand dismissed for want of prosecution.

"Second.    Because during all of said dates and times there was a good and sufficient bond for costs filed in said cause, and no fee-bill was issued by the clerk of said court against the plaintiff and the sureties on such bond, on account of such continuance.

"Third.    That the pretended act or acts of the clerk of this court, on or about the 4th day of April, 1910, in attempting to dismiss said cause, was without authority of law, null and void and an attempt by a ministerial officer to exercise functions of a judicial officer.

"Fourth.    Because the plaintiff, nor any officer, agent or attorney of such corporation, had any knowledge or notice of such conditional order having been made, until the 9th day of April, 1910, and after such pretended dismissal.

"Fifth.    Because there could be no ground for the dismissal of such cause for want of prosecution, during vacation.

"Sixth.    Because no dismissal of said cause for failure to pay the costs of such continuance could be made in vacation of this [circuit] court.

"Which said motion was accompanied by the affidavits of Frank O. Chesney, J. B. McGilvray and Frans E. Lindquist, attached thereto and made a part of such motion, a copy of which said motion and

State ex rel. v. Thurman.

affidavits are hereunto annexed, marked 'Exhibit A.' and made a part of this petition.

"That thereafter on the first day of the April term, 1910, of said circuit court, to-wit, on the 11th day of April, 1910, said motion came regularly on for hearing and determination before said respondent, as judge of said court, supported by such affidavits aforesaid, and without any affidavit or evidence, or argument in opposition to such motion by the attorneys for the defendants, the said respondent willfully, unlawfully and arbitrarily overruled such motion and refused to permit the plaintiff to further prosecute such civil action for damages.

"That no appeal lies from such order, and no writ of error can legally issue by reason of such wrongful and arbitrary orders, and that the relator, by reason thereof, has no adequate remedy at law.

"That it is the duty of the respondent to try, hear and determine such cause upon its merits, in order that justice and equity may be done in the premises in accordance with law.

"Wherefore, relator prays that an alternative writ of mandamus may issue, directed to said B. G. Thurman, judge of said court, commanding him to set aside such pretended order of dismissal and reset such cause down for trial and proceed to hear, try and determine the same, or show cause before this honorable court why a peremptory writ of mandamus should not issue, and for such other and further relief as to this honorable court may seem just and equitable in the premises, and your relator will ever pray," etc.

Certain affidavits in support of the petition were filed therewith. Since, however, the relator demurred to the return, which admits the facts to be as stated therein, it becomes necessary to further notice said affidavits.

The alternative writ is not abstracted. Since, however, the respondent makes no point on account of

that omission, we will treat the writ as conforming to the petition, and pass that question without further comment.

The return of respondent is as follows (formal parts omitted):

"And now comes the said Berry G. Thurman, judge of the 26th Judicial Circuit of Missouri, and for return to the writ of mandamus heretofore issued in this case, says that said relator ought not to have its writ of peremptory mandamus, and for reason therefor,

"Admits that the Spring River Electric Power Company is a corporation as alleged in relator's petition and the alternative writ of mandamus herein;

"Admits that the respondent, Berry G. Thurman, is the duly elected, qualified and acting judge of the circuit court of Barton county, Missouri;

"Admits that the action entitled, 'The Spring River Electric Power Company, plaintiff, v. Lavina Mink et al., defendants,' referred to in relator's petition, was filed in the Jasper Circuit Court on or about the 31st day of March, 1905, and was pending, on change of venue therefrom, in the circuit court of Barton county, Missouri, with the parties, pleadings and issues therein, as alleged in said writ;

"Admits that plaintiff in said suit made application for continuance therein on the first day of January, 1910, term of said Barton Circuit Court, and that the respondent as judge of said circuit court sustained said application as alleged in said writ, by the order of record of said court therein set out, and admits said docket entry and record entry are therein correctly stated;

"Admits that plaintiff in said suit filed its motion in said circuit court to reinstate said cause, on the first day of the April, 1910, term of said court; admits said motion is correctly set out in the writ; and admits

that the respondent, as such judge of said court, over-ruled said motion.

"Denies that on the 4th day of April, 1910, or at any other time, the clerk of said circuit court of Barton county attempted to dismiss said cause;

"Denies that the officers, agents or, attorneys of the Spring River Electric Power Company had no knowledge or notice of the aforesaid conditional order of continuance, until the 9th day of April, 1910; and avers said J. B. McGilvray was present when said conditional order was made by respondent as judge of the circuit court of Barton county, and the same was publicly announced from the bench by respondent.

"Respondent further answering to said petition, denies each and every allegation therein contained not hereinbefore admitted to be true.

"Respondent for further answer and return to the writ herein states that the said case of Spring River Electric Power Company v. Mink et al., referred to in relator's petition, came to the circuit court of Barton county on change of venue from the circuit court of Jasper county, on application of the plaintiff therein on the 27th day of November, 1905, and thereafter remained on the docket of said Barton Circuit Court without due prosecution thereof on the part of the plaintiff therein until and except plaintiff filed its said motion to reinstate said cause; that on account of plaintiff's failure to prosecute said action as aforesaid, respondent as the judge of the said circuit court, did, from term to term thereof, repeatedly warn counsel for plaintiff that unless plaintiff was ready for trial and tried its said cause at the next term of said court, same would be dismissed for failure to prosecute such suit; that notwithstanding the admonition of respondent judge of said court in that behalf, plaintiff failed to duly prosecute said suit and sought continuances therein; and the respondent judge of said circuit court did grant plaintiff continuances therein, term by term,

up to and including the conditional continuance aforesaid.

"That said case was set for trial on Monday, the first day of the September term, 1909, of said court, and on that day defendants appeared in court with their witnesses and counsel, and when said case was called by respondent for trial in its due order on the docket, defendants announced ready and demanded trial, defendant Rich having come, as the respondent judge of said court was then credibly informed, and as he then and now verily believes, from Clovis, New Mexico, where said Rich was engaged in business, to Lamar, Barton county, Missouri, for the sole purpose of attending the trial of and defending said action; that plaintiff also appeared at that time in said case, and made application for a continuance therein on the ground of surprise at the amended answers filed by defendants on said day; that thereupon respondent stated that said case would be reset for trial on Friday, the 17th day of September of said September term of court, and announced the continuance of the case until that day; that thereafter, and on the same day, being the first day of said term, counsel for plaintiff urged that plaintiff could not get ready for the trial of said case at said September term, stating as reason therefor that J. L. Morton was a material witness for plaintiff in the trial of said case, and claiming that the whereabouts of said witness was unknown to plaintiff and its counsel at that time, and on that account they were unable to secure his presence at that term; that defendants opposed the continuance of the case over the term, alleging their preparation for trial and the bringing of said Rich from New Mexico for the sole purpose thereof, and insisted that the case be tried during said September term of court; that notwithstanding the inconvenience occasioned to defendants therein, respondent, as such judge, sustained, over defendants' protest, plaintiff's application for a continuance, and

thereupon ordered the case continued to the then next term of court, respondent then and there admonishing plaintiff's attorneys that the case must be tried at said next term of court, or the same would be dismissed for failure to prosecute; that neither of defendants nor any of their witnesses resided in Barton county, Missouri.

"That at the said next term of said Barton Circuit Court, the same being the January, 1910, term thereof, and on the first day of said term, said cause being set for trial on said first day thereof, plaintiff again appeared in said court and filed its application for continuance on the alleged ground of the illness of one James J. Hitt, of counsel for plaintiff, a copy of which application is hereto attached and marked 'Exhibit A' and made a part of this return; that on said date defendants again appeared in court with their witnesses and counsel, and announced ready and demanded trial; that said defendant, Rich, had again, as the respondent judge of said court was then credibly informed, and as he then and now verily believes, come from Clovis, New Mexico, under the same circumstances as before, to Lamar, Barton county, Missouri, for the sole purpose of attending the trial of and defending said action; that again over the protest of defendants' counsel and after statement of the foregoing facts in opposition thereto by them, this respondent as judge of said Barton Circuit Court, sustained plaintiff's said application for continuance, by the conditional order therefor, hereinbefore mentioned and set out in relator's petition, and then and there in an audible tone announced the order and docket entry from the bench; that J. B. McGilvray, attorney at law, presented said application to the court on behalf of plaintiff, was present in court when the court announced its decision on said application, including the condition to the order, that plaintiff should pay the costs of that term ten days before the next term and on plaintiff's failure to do so the action

stood dismissed, the defendants' counsel then objecting to said order and insisting that said cause should be dismissed for want of prosecution; that this respondent then made it plain in the presence of said J. B. McGilvray, so appearing for plaintiff and presenting to the court plaintiff's said application for continuance, what the court's action was on the application, and again publicly announced that said order must be complied with or the case would stand dismissed, and that plaintiff and plaintiff's counsel then and there had due notice of the action of the court, by public announcement and order made in the docket, in sustaining said application for continuance and the condition upon which same was granted.

"Respondent further states that plaintiff did not comply with said order.

"This answer is further supported by the affidavits of H. W. Timmonds, J. D. Harris and R. E. Casement, hereto attached and marked Exhibits 1, 2 and 3, respectively.

"Wherefore, respondent alleges that he has fully performed his duty in the premises, and prays that he be discharged with his costs."

The return is duly verified by Judge Thurman.

"Exhibit A," attached to said return, is a copy of plaintiff's application for a continuance filed on January 10, 1910, on the ground that James J. Hitt, the principal attorney for the plaintiff, was so sick that he was confined to his house, and it was impossible for him to attend that session of the court, which application was supported by a certificate of a physician, and further stated that H. H. McCluer, who was associated with said James J. Hitt, but was not familiar himself with all the facts in the case, was not prepared to properly try the same, and was unable in the short time since said James J. Hitt was taken sick to properly prepare for said trial.

The following affidavits are attached to such re-

turn, and made a part thereof, to-wit (formal parts omitted) :

"H. W. Timmonds, of lawful age, being first duly sworn, on his oath states that he is a duly licensed and practicing attorney at law, residing at Lamar, Missouri, and was one of the attorneys of record for the defendants in the case of the Spring River Electric Power Co. v. Mink et al., heretofore pending in the Barton Circuit Court; that said cause came to said Barton Circuit Court on change of venue from the Jasper Circuit Court on the 27th day of November, 1905, on plaintiff's application; that said case ever since thereafter pended in the Barton Circuit Court unprosecuted by plaintiff; that defendants in said case prepared for the trial of said suit at the September term, 1909, of the Barton Circuit Court, having taken out their subpoenas for their witnesses, and appearing in said court on the first day thereof with their witnesses prepared for trial; that the defendant, Albert Rich, had come from Clovis, New Mexico, for the sole purpose of attending the trial of said case and testifying therein as a witness in behalf of defendants, said Rich being a material witness in their behalf in the trial thereof; that when the respondent, Berry G. Thurman, called said case for trial in its regular course on the docket of said court, plaintiff appeared therein and made application for a continuance on the alleged ground of surprise at defendants' answers filed in said case on that day; that thereupon respondent stated that said case would be reset for trial at a later day of said term, and announced a continuance in accordance therewith; that thereafter, and on the same day, being the first day of said term, respondent herein at the application, instance and request of plaintiff continued said case over the term; that defendants' counsel protested against respondent herein granting a continuance over the term, stating to respondent at the time that defendants had gone to the expense of preparing for trial and bringing the defend-

ant Rich from Clovis, New Mexico, for the sole purpose of said trial, and that the defendants were desirous of having said case disposed of at said term; that the respondent at the time of continuing said case then and there admonished plaintiff's counsel that unless said case was tried at the then next term of said court the same would be dismissed for want of prosecution; that at the next term of said court, being the January, 1910, term thereof, defendants again prepared for trial, took out subpoenas for their witnesses, and again had defendant Rich come from Clovis, New Mexico, for the sole purpose of attending the trial of said case and testifying therein in behalf of himself and his co-defendant, he being a material witness for them in the trial of said case; that said case was set for trial on the first day of the said January, 1910, term of said court; that when said case was called by respondent in its regular course on the docket of said court, defendants in said suit announced ready for trial and demanded a trial thereof, desiring to dispose of said case at said term; that thereupon plaintiff appeared in court and again filed an application for continuance, this time based upon the illness of James J. Hitt, one of the attorneys for plaintiff in said case; that said application showed upon the face thereof that H. H. McCluer was an attorney of record for plaintiff in said case; that defendants opposed the application for continuance, stating to respondent herein the fact of their preparation for said trial as aforesaid; that respondent, upon taking up said application and hearing the arguments of counsel thereon, sustained the same on condition, and ordered that the case be continued at plaintiff's cost, and that the costs of the term be paid by plaintiff ten days before the next April, 1910, term of said Barton Circuit Court, and on plaintiff's failure to pay the costs on the aforesaid terms the said suit stood dismissed; that J. B. McGilvray, attorney at law, appeared in the said Barton Circuit

Court, at said January term, 1910, and presented said application for continuance for the plaintiff, and was present in court when the respondent announced his decision on said application; that respondent, in so doing, then and there, in a audible tone, announced the order of continuance with the condition thereof made in sustaining said application; that after entering the minutes of said order on the judge's docket, respondent thereupon, while said J. B. McGilvray, attorney as aforesaid for plaintiff, was present in said court, read the entry so made on said judge's docket in an audible tone of voice, and made public announcement of the order made as aforesaid, and the docket entry therein, the defendants' counsel at said time insisting that said case should be dismissed by respondent for want of prosecution. Affiant further states that none of the witnesses for defendants, nor either of the defendants, resided in Barton county at any of the times aforesaid.''

''J. D. Harris, of lawful age, being first duly sworn, on his oath, states that he is a duly licensed and practicing attorney at law at Carthage, Missouri, and one of the attorneys of record for defendants in the case of the Spring River Electric Power Company v. Mink et al., heretofore pending in the circuit court of Barton county, Missouri; that said case was originally instituted in the circuit court of Jasper county on the 31st day of May, 1905, and on the 27th day of November, 1905, was removed on plaintiff's application on change of venue to the circuit court of Barton county, Missouri; that said case thereafter remained on the docket of said Barton Circuit Court without due prosecution thereon on the part of the plaintiff and without effort on plaintiff's part to bring the same to trial; that term after term of said Barton Circuit Court the respondent, Berry G. Thurman, repeatedly warned counsel for plaintiff that unless plaintiff was ready for

trial and tried said case at the then next term of said court same would be dismissed for failure to prosecute said suit; that during the latter part of August, 1909, James J. Hitt, attorney of record for plaintiff in said case, notified affiant, as defendants' attorney, that plaintiff would be ready for trial and would try said case at the then next September term of said Barton Circuit Court, to be held on the 13th day of September, 1909; that, relying on said representation so made by plaintiff's said attorney, defendants prepared for the trial of said case at said September term, caused their witnesses to be subpoenaed therefor, and this affiant wired defendant Albert Rich at Clovis, New Mexico, where said Rich was then and has since been in business, the said case stood for trial at the said September term of said Barton Circuit Court, and directed him to come to Lamar, Missouri, for the purpose of attending the trial thereof and testifying therein as a witness in said case in behalf of himself and his co-defendant; that in reliance on the statement of plaintiff's said counsel as aforesaid, so communicated to him by counsel for defendants, defendant Rich came to Lamar to attend the trial of said case, defendants having their witnesses in readiness to proceed with the trial thereof; that when said case was duly called by respondent for trial, the defendants having so prepared therefor announced ready and demanded trial of said case, but thereupon plaintiff refused to go to trial, and filed its application for a continuance on the alleged ground of surprise at defendants' amended answers; that respondent thereupon stated that said case would be reset for trial on Friday, the 17th day of September, of said September term of court, and announced a continuance of the case until that day; that thereafter, and on the same day, being the first day of said term, counsel for plaintiff urged that plaintiff could not get ready for the trial of said case at said September term, assigning as reason therefor that J. L. Morton was a ma-

terial witness for plaintiff in the trial of said case, and claiming that the whereabouts of said witness was unknown to plaintiff and its counsel at the time, and on that account they were unable to secure his presence at that term; that defendants opposed the continuance of said case over the term, alleging their preparation for trial, and the bringing of said Rich from New Mexico for the sole purpose thereof, and insisted that the said case be tried during said September term of court; that notwithstanding the inconvenience occasioned defendants therein, respondent at the instance and request of plaintiff, and over defendants' protest, ordered said case continued to the then next term of said court, respondent then and there admonishing plaintiff's attorneys that the case must be tried at the said next term of court or the same would be dismissed for want of prosecution.

"Affiant further states that on December 4, 1909, he received a letter from James J. Hitt, attorney for plaintiff in said case, hereto attached and marked Exhibit A, and thereafter, on December 16, 1909, received a further communication from said James J. Hitt, hereto attached and marked Exhibit B, both referring to said suit at Lamar, in which said communications plaintiff's said attorney notified defendants that said case would stand for trial on the first day of January term, 1910, and therein defendants were warned to be ready for said trial; that, relying upon the statements so made by plaintiff's counsel, and desiring themselves to have said case disposed of, defendants again took out subpoenas for their witnesses and made all due preparations for trial, said Rich again coming from Clovis, New Mexico, for the sole purpose of attending the trial of said case and of testifying therein as a witness in his own behalf and that of his co-defendant, said Rich being a material witness in the trial thereof; that after defendants had gone to the expense of preparing for said trial, as aforesaid, and after said Rich

had come from Clovis, New Mexico, for the sole purpose aforesaid, affiant received further communication from F. O. Chesney, the general manager of plaintiff corporation, dated January 7, 1910, hereto attached and marked Exhibit C, notifying defendants that plaintiff would again file application for continuance on the ground of the illness of Mr. Hitt, one of counsel for plaintiff in said case, and stating that Mr. McCluer, who was also of counsel in said case, disliked to try the same without the assistance of Mr. Hitt; that the said Mr. McCluer had for a long time theretofore been an attorney of record in said case and had represented the plaintiff therein; that said communication came to defendants at a time too late to stop their witnesses in said case, and that defendants appeared in said Barton Circuit Court on the first day of the January term, 1910, said case being set for trial on that date; that when said case was duly called by respondent, defendants announced ready for trial, having prepared therefor as aforesaid under the warning received from plaintiff's counsel on the said 16th day of December, 1909, and demanded trial of said case; that plaintiff then appeared with its application for continuance, basing said application on the ground of the illness of said James J. Hitt, one of the attorneys for plaintiff, and that although said application showed that plaintiff had other able counsel representing it in said case, respondent herein, over the protests of defendants, and after statement of the foregoing facts to respondent by defendants' counsel in opposition to said continuance, said respondent sustained said application on the condition that the plaintiff should pay the costs of that term ten days before the April, 1910, term of said court, and that unless the costs were so paid by plaintiff said case should stand dismissed; that respondent, then and there, in an audible tone, announced the order so made in the presence and hearing of J. B. McGilvray, attorney at law, who was there present presenting said

application to the court on behalf of plaintiff; that while said J. B. McGilvray was there present, and after the respondent had entered the terms of said order on the court's docket, he then read the docket entry so made, in an audible tone of voice, while said J. B. McGilvray was present in said court, and made public announcement of the order so made.

"None of the witnesses for defendants, nor either of the defendants, at any of the times aforesaid resided in Barton county, Missouri.

"This affiant further states that his letter addressed to James J. Hitt, as attorney for plaintiff in said case, attached to plaintiff's petition herein and marked Exhibit B, was written and mailed to said Hitt on December 31, 1909, in obedience to an oral understanding had between affiant and said Hitt that if affiant had said files and papers in his office he would produce the same to be used on the trial of said case at the January, 1910, term of said Barton Circuit Court; that at that time this affiant was assured by said Hitt that said case would be for trial at said term, and for all that affiant could then foresee said case would be regularly disposed of at that time, and that said letter was not written with a view of or with any knowledge that said case would be pending in the Barton Circuit Court as long as the April term, 1910, thereof, and that nothing was intended or understood in said letter to mean anything else but that said papers would be produced in said Barton Circuit Court at the said January term, 1910, thereof, and that, as a matter of fact, this affiant did at that time have said papers in said court accessible to plaintiff's counsel therein, but that at said term plaintiff refused to go to trial under the circumstances as herein aforesaid; that said letter was written in response to a proposed stipulation sent affiant by H. H. McCluer and J. J. Hitt, as attorneys for plaintiff, and signed by them, which said stipulation is hereto attached and marked Exhibit D; that when plain-

tiff's said counsel asked affiant to sign said stipulation with them, the affiant then stated he was under the impression that the original files in said case in said stipulation referred to, and the papers therein called for, were at the time thereof in affiant's office, and that if, upon investigation, he found said papers thereat, then he would agree to produce the same at the trial of said case in the said Barton Circuit Court as therein contemplated and as herein aforesaid; it being noted that said stipulation called for the production of said papers at the January term, 1910, of said Barton Circuit Court.''

Exhibit A to Harris affidavit is as follows:

''KANSAS CITY, Mo., December 4, 1909.
''*J. D. Harris, Esq., Carthage, Mo.*

''Dear Sir: I write you regarding the two cases against the Mink Estate, one at Joplin, the other at Lamar. I want to know if you are very anxious to try these cases at the January term, or if you would be willing to continue the same till the next term? Mr. Chesney is anxious to make a trip to California, and if he goes he would not be able to be present during the month of January. I do not know if he will go for sure, and it depends largely upon the agreement to continue these cases. Let me know if you will continue them, if he does conclude to go west. I am not just prepared to state that he will want to continue, and cannot answer that query, till I hear from you, then we will decide if we want to continue, so please let me hear from you at your earliest convenience, and greatly oblige,

''Yours truly, JAMES J. HITT.''

Exhibit B to Harris affidavit is as follows:

*"Mr. J. D. Harris, Carthage, Mo.*

"KANSAS CITY, Mo., December 16, '09.

"Dear Sir: Some time since I wrote you regarding the two Mink cases, one at Lamar, the other at Joplin. I stated that Mr. Chesney desired to make a trip to the West and wishing to know if you were willing to continue these cases for the term. As I have not heard from you Mr. Chesney will be compelled to make other arrangements and postpone his trip west, and I now desire to notify you that we expect to be ready for trial in the Lamar case on the first day of January term, which commences, I understand, on the second Monday in January. I notify you now so that you can be prepared and ready for trial at that time.

"Yours respectfully,    JAMES J. HITT.

"P. S. Regarding the Joplin case, Mr. Hubbert will attend to that. I suppose he will be ready for trial. However, I have nothing to say in that case and you may consult him.

"J. J. HITT."

Exhibit C to Harris affidavit is as follows:

KANSAS CITY, Mo., Jan. 7, 1910.

*"Mr. J. D. Harris, Carthage, Mo.*

"Dear Sir. As I telephoned you this morning Mr. Hitt is quite sick at home in bed with valvular trouble of the heart and the doctor says he can't get out for several days or weeks, and we will furnish the court with a certificate and affidavit from the doctor Monday, and ask for a continuance. Mr. McCluer says he can't get down Monday and he don't want to try the case without Mr. Hitt, so you had better stop your witnesses and I will ours. I wish that we could arrange so that we would not have to come down ourselves.

"Yours truly, F. O. CHESNEY."

Exhibit D to Harris affidavit is as follows:

"In the Circuit Court of
Barton County, Missouri.

                        January Term, 1910.
The Spring River Electric
    Power Company, Plaintiff,
                v.
H. J. Mink et al.

"It is hereby stipulated and agreed by and between the plaintiff and defendants that a jury may be, and with the consent of the court, is hereby waived, and this cause may be tried by the court without the intervention of the jury.

"It is further stipulated and agreed that the original file in Case Number 7065, in the Appellate Court of Kansas City, Missouri, of H. J. Mink against Frank O. Chesney, containing a copy of the original pleadings in the case of H. J. Mink against Frank O. Chesney tried before Hugh Dabbs, Judge of the Circuit Court at Carthage, Missouri, may be read as evidence in this case, the defendants herewith waive all objection to the introduction of said testimony on account of not being the original and not being properly certified, hereby reserving the right to object to the introduction of any or all said transcripts that would be available were the certified copy under the hand and seal of the clerk of the circuit court at Carthage.

                "H. H. McCLUER & J. J. HITT,
                    Attys. for Plaintiff.
            . . . . . . . . . . . . . . . . . . . . . . . . . .
                    Attys. for Defendant."


"Exhibit 3," attached to said return and made a part thereof, being the affidavit of R. E. Casement, omitting caption, is in words and figures as follows:

"R. E. Casement, of lawful age, being first duly sworn, on his oath states that he is now, and has been

for the last ten years, clerk of the Barton Circuit
Court; that the case of the Spring River Electric
Power Company vs. Mink and Rich came on change
of venue to said Barton Circuit Court from the circuit
court of Jasper county on plaintiff's application on the
27th day of November, 1905; that case pended on the
docket of said court without any due prosecution there-
of, or apparent effort to bring the same to trial on the
part of the plaintiff; that said case was set for trial
on Monday, the first day of September, 1909, term of
the said Barton Circuit Court; that when said case was
called by respondent for trial in its due order on the
docket of said court, defendants appeared therein with
their witnesses and announced ready and demanded
trial thereof; that thereupon plaintiff appeared in said
case by its attorneys and filed its application for a con-
tinuance, based on the alleged ground of surprise at
defendants' amended answers filed therein that day;
that thereupon respondent stated that said case would
be reset for trial at a later day in said term, and an-
nounced a continuance of said case in accordance there-
with; that thereafter, and on the same day, being the
first day of said term, respondent herein at the appli-
cation, instance and request of plaintiff continued said
cause over the term; that defendants' counsel pro-
tested against respondent herein granting a continu-
ance over the term, stating to respondent at the time
the fact that defendants had gone to the expense of pre-
paring for trial, and of bringing the defendant Rich
from New Mexico for the sole purpose of said trial,
and that defendants were desirous of having said case
disposed of at said term; that respondent at the time
of continuing said case then and there admonished
plaintiff's counsel that unless said case was tried at the
then next term of said court the same would be dis-
missed for want of prosecution; that at the said Jan-
uary term of court, said case being set for trial on the
first day thereof, the defendants again appeared

therein with their witnesses; that when said case was called for trial in its due course on the docket, defendants announced ready and demanded trial therein; that thereupon plaintiff again appeared with its application for a continuance, this time basing the same upon the illness of James J. Hitt, one of the attorneys for the plaintiff therein, claiming and alleging that although it had other counsel in said case that said other counsel did not desire to proceed with the trial of said case without the presence of James J. Hitt thereat; that defendants' counsel protested against the granting of said continuance, calling the respondent's attention to the fact that they had gone to the expense of preparing for trial, and to the fact defendant Albert Rich had come from Clovis, New Mexico, for the sole purpose of attending the trial thereof and testifying as a witness therein; that the respondent herein, upon taking up said application and hearing the arguments of counsel thereon, and the statement made as aforesaid, sustained said application by taxing the costs of said term against the plaintiff, and ordering that the case would be continued on its said application on condition that plaintiff pay the costs of said term ten days before the next April term, 1910, thereof, and that upon plaintiff's failure to pay the costs as aforesaid said suit stood dismissed, the defendants' counsel at the time protesting against the granting of any continuance upon any terms therein and asking the respondent to dismiss said case for want of prosecution; that at the time said action was taken by the court on said application, J. B. McGilvray, an attorney at law, who presented said application for the plaintiff, and who was representing it therein, was present in the court room and standing within a few feet of the judge's bench; that respondent announced his decision therein, and the order so made, in an audible tone of voice, easily to be heard throughout the entire court room; that after entering the minutes of the order on the judge's docket, respondent

again announced the terms of said order by reading
said minutes in a distinct and audible tone of voice, and
making public announcement thereof; during all said
time the said J. B. McGilvray was then and there pres-
ent in said court room and was participating in the dis-
position of said application for continuance, and made
no objections, and saved no exception to the action of
the court thereon.

"Affiant further states that it is not true that he,
as clerk of the said court, undertook to dismiss said
case on the 4th day of April, 1910, or at any other time;
that on said date he merely made on the margin of the
judge's docket a pencil notation as a mere memoran-
dum for the convenience of the court that said case
stood dismissed, not intending thereby to undertake to
make an order of dismissal thereof."

I.   Counsel for relator insist that the respondent
has no power to continue upon terms the case of the
Spring River Electric Power Company v. Mink et al.,
pending in the circuit court of Barton county.

The order of continuance was made upon condition
that the plaintiff in that case should pay the costs of
that term ten days before the next term of the court;
and if not so paid, the cause was to stand dismissed for
want of prosecution.

In the consideration of this insistence, it should be
borne in mind that this case had been pending in the
circuit court of Barton county without serious attempt
on the part of the relator, as shown by the return, to
bring it to trial, for a period of about five years.   The
witnesses for the defendants were all non-residents of
the county, and some of this State, and one of the de-
fendants, who was also a material witness, was a res-
ident of New Mexico.   This made it very expensive and
exceedingly inconvenient for defendants to prepare
and get ready for trial.   It should also be remembered
that the cause was set for trial at the previous term of

the court, at which time the defendants with their non-resident witnesses were in attendance, and announced ready for trial; but the cause was continued on application of relator over the objections of the defendants, at the cost of the former. The plaintiff contended that it was not liable for and refused to pay the costs of bringing non-resident witnesses to Lamar, the place of trial. Whether that contention was sound or unsound was immaterial; nevertheless, if sound, it constituted an additional reason why the trial court should have been more stringent in bringing the cause to trial. In passing, however, it should be observed that the order of continuance did not require the plaintiff to pay any illegal or improper costs; and if any such were taxed against the plaintiff, the law makes ample provision for its relief therefrom.

The gravamen of relator's complaint is, that the trial court had no power to make the provisional order of dismissal, or, in other words, to continue the case upon terms, which were that the plaintiff pay the costs of the then present term ten days before the first day of the next term, and in default thereof the cause would stand dismissed for want of prosecution. We are unable to lend our assent to that contention.

In discussing the power of the court to impose conditions on granting continuances, the author, in 9 Cyclopedia of Law and Procedure, page 151, says:

"A. The court may in its discretion, where the justice of the case so demands, impose terms or conditions upon the granting of a continuance. Thus it may require that the applicant give security for carrying out the judgment or decree rendered, that the adverse party be allowed to take depositions of a witness for which the court is without authority to issue a commission, that the death of the applicant (whose health is in a precarious condition) before the term to which the cause is continued shall not abate the suit, that the applicant give bail in the action, that the applicant con-

State ex rel. v. Thurman.

fess judgment for a sum admitted to be due, that the opposite party be allowed to take depositions without making a preliminary affidavit, that a deposition may be read, although informally taken, or that a rule be granted to try the cause at the next term or the applicant suffer a *non prosequitur.*

"B.  It is a usual condition imposed upon the applicant that he shall pay costs where a continuance is granted in his favor. In many jurisdictions the matter of imposing costs as a condition of granting a continuance is by special statutory provision made discretionary with the court. The court has no power to make a direct order for the payment of costs, but can only impose their payment as a condition of granting the application.

"C.  By accepting a continuance, the party accepts the terms or conditions imposed by the court on granting the continuance; and this is so, although the continuance is in fact unnecessary, or although some of the costs imposed as a condition of the continuance are improper."

And in 4 Ency. Pl. and Practice, p. 888, XII, it is said:

"1.  Independently of statutory authority, a court having a discretionary power to grant or refuse a continuance has power to impose terms as a condition of granting it; and where a statute confers a discretionary power to require the payment of costs, it does not preclude the imposition of other terms. The statutes usually provide substantially that such terms may be imposed as to the court shall seem proper.

"2.  The payment of costs by the applicant is the most usual condition imposed upon granting an application for continuance; but the court may require a confession of judgment for the uncontested part of plaintiff's demand, or security for the payment of whatever judgment may finally be rendered, or the dis-

pensing of statutory requirements in taking deposi-
tions, or exact a stipulation that the death of the appli-
cant shall not abate the suit, or restrict the evidence to
be produced thereafter, or impose such other terms as
are not palpably unreasonable or unjust.

"3. It is only in cases in which there is a clear
and manifest abuse of the discretion with which the
trial court is invested that an appellate court will re-
view its action in the imposition of terms; and where
a party accepts a continuance he thereby assents to the
terms annexed thereto, and cannot afterwards com-
plain that the court exceeded its power."

In support of the rules before announced both
authors cite numerous authorities.

A similar question came before this court in the
case of Street v. Bushnell, 24 Mo. 328, and on page 329,
RYLAND, J., in speaking for the court, said: "This
is an action of slander, for words spoken of the plain-
tiff by the defendant. Upon the trial, the plaintiff
failed to prove the words as he had charged them to
have been spoken; but proved words which he consid-
ered actionable. He therefore moved the court for
leave to amend his petition, so as to make it conform to
the proof in his power. The court granted this motion
upon terms, which were that the plaintiff should pay
all the costs already incurred except the costs of the
commencement of the suit. The plaintiff declined
amending on those terms, and excepted to the decision
of the court in refusing the leave to amend on other
than the ordinary terms. The plaintiff then took a non-
suit. He filed his motion to set aside this nonsuit,
which being overruled, he excepted, and brings the case
here by appeal. . . . We are satisfied that the terms
offered to the plaintiff below were proper, and were
as favorable as he had a right to demand; and having
declined to accept them, he must be left where he vol-
untarily placed himself."

In Todd v. Thompson, 2 Dall. (Pa.) 105, the Supreme Court of the United States, in the discussion of this question, said:

"This cause being marked for trial, it was continued by the plaintiff; whereupon the defendant's counsel moved for a rule to try at the next term, or *non pros.* This, however, was opposed, the plaintiff's counsel alleging that there was no default on his part, as the procrastination arose in fact from the absence of a material witness, and the late arrival of a record from New Jersey, which was so imperfectly exemplified that it could not be offered in evidence. To this it was answered, that there had been no subpoena taken out for the absent witness; and that as the action had been pending for more than two years, there was evidently a laches in not obtaining the exemplification sooner.

"By the court: It is certainly a great default, that an earlier application was not made for the exemplification; and that instructions were not given to some person to see that it was regularly made out. On that ground alone, therefore, the motion must be granted. But even if the plaintiff had not been guilty of a laches; if it was a misfortune, and not negligence, that had prevented the seasonable arrival of the record, we should still doubt the propriety of refusing the rule."

In Rhea v. Tucker, 56 Ala. 450, it is held, that a party applying for a continuance, by accepting the same, also accepts the conditions imposed by the order that the payment of costs within a certain time shall be a condition precedent to his further defense of the suit, or that his pleading or answer be stricken from the files, and judgment given his adversary. In so holding, the court, on page 453, said:

"In Waller v. Sultzbacher, 38 Ala. 318, we said: 'One of the conditions upon which the defendant obtained the continuance at the fall term, 1860, was that if the costs were not paid in ninety days after the ad-

journment of the court, the defendant's plea should be stricken from the file, and the plaintiffs have judgment by *nil dicit*, with inquiry. The defendant did not question the right of the court to impose these terms, but accepted the same. The order of the court became thereby an agreement of record between the parties, and the defendant cannot complain that it was enforced against him. The record shows that the costs were not paid within the ninety days; and accordingly the court did not err in striking the defendant's plea from the file, and giving the plaintiff judgment by *nil dicit.*'

''The rule declared above has been announced, in substance, in many of the decisions of this court, on that and kindred questions. They rest on two well-recognized principles; the power of the court to impose conditions, in promotion of the ends of justice, on which it accords the exercise of discretionary powers; and the binding efficacy of agreements, entered of record, which are implied from the acceptance of the order with the conditions annexed. . . .

''We are aware that in what we have said above we are treading on delicate ground. Discretionary powers may be abused. Still, they do, and must exist; and there is rarely any redress from their abuse. The safety of the public does and must rest in the strong sense of the right, which should always preside in such administrations.

''The present is a suit in chancery; and the chancellor, at the July term, 1872, granted to the defendant, W. H. Rhea, a continuance of the cause, and further 'ordered and adjudged that the respondent, W. H. Rhea, pay all the cost now due in this cause, . . . and that the payment of the cost by the said W. H. Rhea, before the next term of this court, is hereby made a condition precedent to his making further defense to complainants' suit.' The defendant accepted the continuance, and must be held to an implied agreement to observe, keep, and submit to the conditions therein

imposed. We can perceive no reason for laying down a rule for the construction and enforcement of conditions imposed in granting continuances in chancery, other and different from the rule as to conditions in continuances at law, declared in Waller v. Sultzbacher, supra. We therefore hold that, in refusing to allow W. H. Rhea to defend further, because he had failed to pay the costs, the chancellor did not err.''

The Supreme Court of Nevada, in the case of Brown v. Warren, 17 Nev. l. c. 421, in speaking through BELKNAP, J., said:

''The other objection relates to the authority of the court to impose other terms than costs as a condition for granting the continuance. The statute does not authorize other terms than costs to be imposed. But in the reports so many cases may be found in which the power of imposing conditions upon a party upon granting his application for a continuance has been exercised, that the practice must be considered established. In Ames v. Webber, 10 Wend. 576, where there was reason to apprehend that the defendant might die previous to the next circuit, the court imposed as a condition of continuance that defendant should stipulate that his death should not abate the suit.

''In Brooklyn Oil Works v. Brown, 38 How. Pr. 451, the continuance was granted on condition that defendant stipulated to allow an inquest on the next adjourned day if they should not then be ready to proceed with the trial.

''In Booth v. Whitby, 5 Hill 446, the court of common pleas ordered a cause to be postponed for the term on the defendant's application, upon payment of costs to plaintiff within twenty days, or that he have judgment, etc.; it was held that unless the costs were paid, pursuant to the order, the plaintiff might perfect judgment.

''In rendering its decision the Supreme Court employed language applicable to the present case: 'If the defendant did not like the terms, he should not have taken the rule. Having taken it, and then neglected to pay the costs, it was very proper for the court to enforce the order by rendering judgment for the plaintiff.' [Edwards v. Lewis, 18 Ala. 497; Gowen v. Jones, 20 Ala. 128; Brown v. Murray, 4 Dowl. & Ryl. 830; Rannells v. State, 18 Ind. 256; Walker v. Greenlee, 1 Dev. Law (N. C.) 367; Decker v. Judson, 16 N. Y. 439; Cox v. Railroad, 63 N. Y. 414.]''

The same rule is announced in the case of Booth v. Whitby, 5 Hill (N. Y.) 446. The syllabus, which bespeaks the substance of the opinion, reads as follows: ''Where a court of common pleas ordered the trial of a cause to be postponed for the term on the defendant's application, upon payment of costs to the plaintiff within twenty days, or that he have judgment, etc.; *held* that, unless the costs were paid pursuant to the order, the plaintiff might perfect judgment.''

Our reports are full of cases showing where this court and the courts of appeals have sustained the trial court where the order of continuance imposes terms other than for the payment of costs, as well as for the payment of costs. [See Larimore v. Bobb, 114 Mo. l. c. 450; Street v. Bushnell, supra; Pitkin v. Flagg, 198 Mo. 646.]

In the case at bar counsel for relator, by accepting the conditional order of continuance, also thereby accepted the condition that the cause should stand dismissed if the costs of the term were not paid ten days before the first day of the next term of the circuit court of Barton county. Under the circumstances of this case, as disclosed by the record, we are unable to say that the trial court abused its discretionary power, either by imposing the terms mentioned, or in dismissing the cause for plaintiff's failure to comply with those terms.

This insistence is, therefore, ruled against the relator.

II.    Counsel for respondent insist that the peremptory writ of mandamus should be denied, and the alternative writ heretofore issued be quashed, for the reason that relator had an adequate remedy by appeal or writ of error, and for that reason mandamus will not lie.

The law is well settled in this State, that an appeal will lie from an order dismissing a cause.    [Pitkin v. Flagg, supra, 646; Crane Co. v. Hawley, 54 Mo. App. 603; Williams v. Judge of Common Pleas, 27 Mo. 225.]

In the Larimore-Bobb case, the suit had been dismissed by the circuit court, and the plaintiff filed a motion therein to set aside the order of dismissal and to reinstate the cause, which motion was, by the court, overruled. Thereupon, the plaintiff appealed from said order to this court, which court took cognizance of the case, and affirmed the order of the circuit court dismissing the appeal.

In the case of State ex rel. v. Mosman, 112 Mo. App. 540, the circuit court dismissed an appeal from a justice of the peace for the reason that the latter had no jurisdiction to hear the cause. In that case the court of appeals held that the plaintiff had adequate and exclusive remedy by appeal, and that mandamus would not lie to compel the circuit judge to reinstate the cause and proceed with the trial.

In Williams v. Judge of Common Pleas, supra, the relator recovered a judgment in the court of common pleas against the Central Agricultural Society, and execution was issued thereon. At the next term of the court the defendant filed a motion therein to quash the execution and to set aside the judgment so rendered. This motion was by the court sustained. In discussing that question, this court, on page 227, said: "The effect of the order made at the January term quashing the execution and vacating the judgment of

the previous term, was to dismiss the suit, and it therefore operated as a final judgment, on which a writ of error will lie. It is a general rule that a mandamus will not issue unless the party asking it has a clear right and no other specific legal remedy. It will not be granted to bring under review the proceedings of an inferior court on the ground of error, and therefore it will be refused in a case in which a writ of error will lie, or where the party can be redressed by appeal. [6 Bacon's Abr., tit. Mandamus, C; Hoyt, ex parte, 13 Pet. 279; Nelson, ex parte, 1 Cow. 417; People v. Judges of Dutchess, 20 Wend. 658; Gordon, ex parte, 2 Hill 363; Reading v. Commonwealth, 11 Pa. St. 196; James v. Commissioners, 13 Pa. St. 72; Marshall v. State, 1 Smith 17.]''

This brings us to the consideration of the question, will the mandamus lie where the party aggrieved has an adequate remedy by appeal or writ of error? That question is answered in the negative by the following adjudications: Williams v. Judge of Common Pleas, supra; State ex rel. v. Mosman, supra; State ex rel. v. Lubke, 85 Mo. 338; Blecker v. Commissioner, 30 Mo. 111; State ex rel. v. McKee, 150 Mo. 233; State ex rel. v. Fort, 180 Mo. l. c. 109; State ex rel. v. McCutchan, 119 Mo. App. l. c. 76; State ex rel. v. Field, 107 Mo. l. c. 450.

In the case of State ex rel. v. McKee, supra, this court, in speaking through SHERWOOD, J., at page 243, said: ''Furthermore, the writ of mandamus cannot be made to perform or to usurp the functions of an appeal or writ of error. When the matter is reviewable by appeal or writ of error, and where the party may obtain redress in the ordinary course of judicial proceedings, mandamus will be refused. It does not lie to correct the errors of inferior tribunals by annulling what they have done erroneously, nor to guide their discretion, nor to restrain them from exercising power not delegated to them. And the fact that the person ag-

grieved has, by neglecting to pursue his statutory remedy, placed himself in such a position that he can no longer avail himself of its benefit, does not remove the case from the application of the rule, and constitutes no ground for interference by mandamus.''

In the Field case, supra, this court, on page 450, said: ''It cannot be tolerated that a party may invoke the extraordinary writ of mandamus every time the judge makes an error in his opinion. It was never designed this writ should usurp the function of a writ of error or appeal.''

The Kansas City Court of Appeals in discussing this same question in the case of State ex rel. v. Mosman, supra, at page 549, said: ''But we are of the opinion that the extraordinary remedy here invoked should be denied, for the reason that the relator has an adequate—in fact, an exclusive—remedy under ordinary procedure. Relator assumes a false premise in the conclusion that the respondent has refused to entertain any jurisdiction over the appealed case. To the contrary, respondent did assume authority to dispose of it, heard the motion to dismiss, acted upon it, and entered a final judgment from which an appeal could have been prosecuted. Nowhere did he overstep the bounds of his jurisdiction, and all of his acts were judicial in their character.''

The Cyclopedia of Law and Proc., vol. 26, N. and O., in treating the question of the use of mandamus as a remedy for reviewing the action of the court in dismissing an action, says: ''As a general rule the action of the court with regard to dismissing an action is judicial and not ministerial, and will not be reviewed by mandamus, particularly where there is an absolute remedy by appeal, or otherwise.'' And ''The reinstatement of a cause dismissed or disposed of is usually discretionary, not to be controlled by mandamus.''

According to the foregoing authorities, the relator had an adequate remedy by appeal or writ of error;

State ex rel. v. Sale.

and for the reasons before stated we are of the opinion
that the peremptory writ of mandamus should be de-
nied. It is so ordered. All concur.