State ex rel. Bohannon v. Howard Co. Ct.

STATE OF MISSOURI *ex rel.* WM. M. BOHANNON, Petitioner, *v.* THE COUNTY COURT OF HOWARD COUNTY, Respondent.

1. *Contract—Volunteers—Bounties.*—Under the statute (Sess. Acts 1863, p. 39,) counties were authorized to pay bounties to volunteers enlisting in the military service, and where, in pursuance of the act, a county offered bounties to parties volunteering to fill the quota, a contract was created between the county and such volunteers, which could be enforced by action.

2. *Mandamus—Practice.*—The courts will not undertake by writ of mandamus to enforce simple common law rights between individuals, such as the payment of money, nor where there is another adequate legal remedy·

*Appeal from Howard Circuit Court.*

*Prewitt,* for appellant.

I. Under the order of the County Court the bounty is given for volunteering, not for serving. The consideration is going into the service. The time fixed for payment is one-half down, and the balance when one-half of their respective times of enlistment had expired. Serving was not intended as a condition.

II. If serving were a condition, it had been performed. The company was still in service until after the time fixed for the payment of the last half of the bounty. The enlistment was for twelve months. They were under contract to serve for that time, unless discharged. The order relieving the company from duty was not a discharge; they were not discharged, and were consequently in service, and were liable to be called on at any moment to do active duty until the expiration of the period of enlistment—Acts of Cong. 1865-6, p. 322; 26 N. Y. 30; 17 Mo. 359; 25 Mo. 354.

*Hall* and *Reid,* for respondent.

Only part of the first six months' service was rendered, for which appellant was paid; no part of the second six months' service was rendered, and no right accrued to the second instalment.

The appellant was not prevented by appellee from performing any part of the engagement.

HOLMES, Judge, delivered the opinion of the court.

This case comes up on appeal from the Howard Circuit Court. The petitioner enlisted as a volunteer in the State military servire to serve for one year, in pursuance of an order of the County Court of said county appropriating money for the purpose of paying bounties to volunteers, to every private for one year the sum of two hundred dollars, one half to be paid when they were received into the service, and the remainder when said volunteers should have served out half their respective periods of enlistment; and for the purpose of raising the money the County Court ordered an issue of bonds to the amount of one hundred thousand dollars, and appointed a commissioner to sell the same. The defendant enlisted for one year, on the 25th of March, 1865, and received the first half of the bounty. After serving for four months, he was relieved from immediate duty, but was not discharged from further service. When the second half of the bounty became due, and after six months had expired, the County Court refused to pay the same, for the reason that he had been relieved from duty, and had not actually served during the latter half of his time of service. It appears further that the County Court rescinded the orders, and stopped the further sale of bonds by the commissioner. And the petitioner prayed for a writ of mandamus to compel the County Court to proceed in the business, and pay to him the remainder of his bounty. A demurrer to the petition was sustained, and there was judgment for the defendant on demurrer.

The question presented for decision is, whether the petitioner was entitled to the whole bounty.

The County Court was expressly authorized by statute "to give such bounties as they think proper to soldiers who may volunteer in the Missouri volunteers, in the United States service, and for this purpose to borrow money and levy a special tax on all the taxable property in the county," for the payment of the same—Laws 1863-4, p. 39. Under this act, we are of the opinion that the County Court had

State ex rel. Bohannon v. Howard Co. Ct.,

power and authority to offer the bounty, to raise money to pay the same, and to enter into this contract with the enlisting volunteer. The engagement is not denied. But it is insisted that the petitioner, under his enlistment and the contract, is not entitled to the second half of the bounty because he did not actually serve during the whole period. This construction cannot be admitted. Though relieved from duty, he was still liable, at any time, to be called into actual service. There is no justice in it. The bounty was offered as an inducement to the volunteer to enter the service at the risk of life and limb, and incur all the perils and inconveniences of the service, and to relieve those who were to stay at home and pay the bounties for the privilege of a relief from a draft. The money was not offered as pay for the service, but rather as a bounty to encourage enlistment. If the petitioner had been fully discharged from service, there might have been more weight in the objection. On the case before us, we think he was entitled to the whole bounty.

This was the only question raised upon the argument. But there is another question which we cannot pass over, and that is, whether a mandamus is the proper remedy. According to the views above stated, here was a binding contract between the county and the petitioner. The courts will not undertake to enforce by mandamus simple common law rights between individuals, as to compel the payment of money, nor where there is another specific legal remedy— Tapp. on Mand., p. 64. The statute does not require the County Court to raise the money by the issue and sale of bonds. They may borrow the money in other ways. It matters not to the petitioner how the money is raised. If he is not paid, he may have his action against the county. It is not, therefore, a ministerial duty merely, nor a public duty for the enforcement of which there is no other specific remedy—Dunklin Co. v. Dist. Court, 23 Mo. 454; Williams v. Court of C. P., 27 Mo. 225. And for this reason the writ of mandamus was properly refused, and the judgment must be affirmed. The other judges concur.