J. K. MANSFIELD *et al.*, Defendants in Error, *v.* SYLVESTER FULLER *et al.*, Plaintiffs in Error.

1. Mandamus — *Registrars,* posse *to protect* — *Remedy will not lie.* — *Mandamus* will not lie against the judges of a County Court to compel them to audit for payment the claims of a sheriff's *posse* employed, under the act of 1868 (Wagn. Stat. 1157, § 37), to protect the board of registration in the performance of their duties, before the claims have been reduced to judgment.

*Mandamus* is an extraordinary writ, and will issue only when the applicant has no other specific remedy.

*Error to Vernon Circuit Court.*

*F. P. Wright,* for plaintiffs in error.

*Johnson & Botsford,* for defendants in error.

Bliss, Judge, delivered the opinion of the court.

The plaintiffs sued out of the Circuit Court a writ of *mandamus* against the defendants as judges of the County Court of Vernon county, commanding them to audit and pay their accounts for services and expenses as a sheriff's *posse* in protecting the board of registration in the performance of their duties under the registration act of 1868 (Wagn. Stat. 1157, § 36), or show cause, etc. The accounts were shown to have been presented and rejected; they were severally adjusted by the Circuit Court; and a peremptory writ was ordered, from which defendants appeal.

We need only consider the right of the plaintiffs to resort to this remedy. *Mandamus* is one of those extraordinary writs that will issue only when the applicant has no other specific remedy. (State v. Howard County Court, 39 Mo. 375; Moses on Mand. 14.) It is never resorted to to enforce the payment of a debt when it can be collected by suit, unless the tribunal having jurisdiction refuses to act, in which case the order will be not to render a specific judgment, but to proceed with the cause.

The writ is often issued to the auditor of State, requiring him to audit demands against the State that have been provided for by law. The State cannot be sued, and the claimant has no other remedy. So *mandamus* may be properly issued to judges of County Courts to perform their duty, when no judgment can be obtained against the county. In The State v. Saline County Court, 48 Mo. 390, the obligation to pay the bonds then under consideration was not upon the county of Saline, or upon any municipal or *quasi* corporation that could be sued. The statute pointed out a specific mode by which they could be met, to-wit: by the assessment of taxes upon a certain section of the county; and the only specific remedy the holder of the bonds could have would be by *mandamus* to compel the assessment. So in The State v. Bollinger County Court, 48 Mo. 475, the relator had no claim upon the county, but only upon a certain fund in the custody of the County Court. The county, therefore, could not have been sued. In The State v. Treasurer of Callaway County, 43 Mo. 228, the claim enforced by *man-*

*damus* had been regularly audited by the County Court, but the question of jurisdiction was not raised in that case, and it is no authority upon that point; and the same remark will apply to Flagg v. Mayor, etc., of Palmyra, 33 Mo. 440, and to The State v. Justices of Buchanan County, 41 Mo. 254. It should be also noted that our general railroad act expressly authorizes the writ of *mandamus* upon default by County Court, etc., and the cases in which it has been issued to enforce the payment of railroad bonds furnish no precedent in other cases. (See Wagn. Stat. 307, § 22; Sess. Acts 1855, p. 429, § 35.)

In relation to bonds of cities and counties, issued under acts which provide especially for the assessment of taxes to meet them, but without express authority for this writ, the decisions in other States have been conflicting. In Kentucky it is held to be an appropriate remedy to compel the assessment, although no judgment has been obtained. (Maddox v. Graham *et al.*, 2 Metc. Ky. 56; 11 B. Monr. 154.) So in Ohio. (State v. Commissioners, etc., 6 Ohio St. 280.) In New York, where a suit can be properly instituted, the prevailing doctrine is that the claim must be first reduced to judgment, though there does not seem to be perfect harmony in the cases. (See The People v. Supervisors, etc., 10 Wend. 363; *Ex parte* Lynch, 2 Hill, 45; The People v. Supervisors, etc., 11 N. Y. 563; The People v. Mead, 24 N. Y. 114.) So in Iowa. (Coy v. City of Lyons, 17 Iowa, 7.)

I have not examined the reports of all the States to see what is the general holding in relation to municipal bonds issued as above, nor does it matter so far as the present case is concerned. All agree to the general principle that if the creditor has another adequate and specific remedy, the writ of *mandamus* will be denied, although they may and do differ as to whether an ordinary suit in a particular case is such remedy.

It is not pretended that a private citizen holding an ordinary claim against a city or county can have it adjudicated under a writ of *mandamus*. It must be first reduced to judgment, and if then the proper authority refuses to provide for its payment, the creditor may ask for mandatory process. I do not see how the present relators stand in any different position. They claim

to have been lawfully employed in aid of the registration officers. If so, they are entitled to whatever pay the law provided, either directly or by fair implication. This pay comes from the general revenue of the county. It is not to be provided for in any particular manner, but stands upon the same footing as any other unaudited county indebtedness. I cannot see, then, upon what ground the claimants should be privileged over others and be entitled to the benefit of this extraordinary writ when they have an adequate and specific remedy by action. (The State v. Clay County, 46 Mo. 231.)

The other judges concurring, the judgment of the Circuit Court will be reversed and the petition dismissed.