THE STATE ex rel. PATTERSON v. MARSHALL et al., Appellants.

1.  Coroner's Fees : MANDAMUS.  The allowance of fees to a coroner for an inquest on a dead body, is, under Revised Statutes, section 5157, subject to the judicial discretion of the county court, and cannot be controlled by a writ of mandamus.

2.  Mandamus.  Mandamus does not lie where a remedy by appeal exists.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*J. J. Russell* for appellants.

(1) The writ of mandamus did not lie in this case, be-cause it was an ordinary claim for which no judgment had been rendered and for which if petitioner had a right, he had other legal and adequate remedies. When the county court refused to pay, an appeal was the proper remedy. R. S. §§ 1210, 1216; *Mansfield v. Fuller*, 50 Mo. 338; *Ward v. County Court*, 50 Mo. 401. (2) A county court cannot be compelled by mandamus to make an order which involves, and can only be the result of judicial discretion. *Strahan v. Audrain County Court*, 65 Mo. 644. The statute expressly imposes upon the county courts the exercise of certain judicial functions in paying inquest fees, and after they have done their judicial work, they cannot be compelled by mandamus to review it. R. S. §§ 5157, 5158. The writ might be used for the purpose of compelling a county court to proceed to a judicial duty, but not to dictate what its judgment should be. *Miltenberger v. St. Louis County Court*, 50 Mo. 172; *State ex rel. Metcalf v. Garesche*, 65 Mo. 480. In this case the county court had acted and used their judgment and discretion, and this writ cannot be resorted to for the purpose of correcting any error they might have made. *State ex rel. School District v. Byers*, 67 Mo. 707; *State ex rel. v. St. Louis Cir. Ct.*, 1 Mo. App. 543. (3) The mandatory clause of the writ should expressly and clearly state the precise thing that is required. *State ex rel. Jeffries v. Trustees of the Town of Pacific*, 61 Mo. 155; *State ex rel. McGrath v. Holladay*, 65 Mo. 76. The statute has been changed since the decision in *Boisliniere v. Board of County Commissioners*, 32 Mo. 375.

*Smith & Krauthoff* and *R. A. Hatcher*, for respondent..

There is nothing in the statute to warrant the county court to revise the action of the coroner or that gives it a. discretion in respect to his fees. The coroner is only to· present to the court a certified statement of the costs and expenses of the inquest including his own fees, etc., and it is the duty of the county court to allow the same. The county court passes upon the account for no other purpose than to determine whether the specific charges therein are in conformity to the statute and for no other purpose, and this is not disputed in this case. The county court cannot call in question the judicial discretion of the coroner. *Boisliniere v. Board of County Commissioners*, 32 Mo. 375. Nor has the statute been changed since the decision in the case just cited as contended by appellants. The writ of mandamus was properly resorted to in this case.

EWING, C.—The plaintiff as coroner of Mississippi county, filed his petition for a mandamus to compel the de-- fendants as justices of the county court of Mississippi county to " audit and allow the statement of fees " certified to them. by the said coroner.

The petition alleges that on November 7th, 1881, the body of an unknown dead man was found in his county. He issued his warrants. A jury was summoned, and an inquest held. A verdict returned and the fees and expenses certified to the county court. That there being no relative or friend of the deceased, nor any person willing to bury the. body, nor any person whose duty it was to attend to such burial, petitioner caused the same to be buried. That the county court " refused either to audit or allow the state- ment of costs or expenses or any part thereof."

The respondents, in their return to the alternative writ,. admitted that the petitioner was coroner, that a man had died, that the inquest was held and the body buried. But.

allege " that it did not appear to the court that the coroner either before or during the inquest, had reasonable cause to believe that such body was that of a person who had come to his death by violence or casualty, or that he was unknown and found dead in said county, but that it did appear to said court that said deceased person was well known * * and that there was no reason for believing that he came to his death by violence or casualty, and that, therefore, the county court, * * in the exercise of its legal and judicial discretion, did refuse to pay or draw warrants for fees claimed by petitioner."

The circuit court, on trial awarded a peremptory writ, from which the defendants appealed to this court.

I. Section 5136, Revised Statutes 1879, directs when coroners shall hold an inquest over a dead body. Section 5150 directs under what circumstances he shall bury the body. Section 5156 provides that the coroner shall present to the county court a certified statement of the costs and expenses for which the county is liable; and the " county court shall audit and allow the same." Section 5157 provides that " no costs or fees to the coroner shall be allowed by the county court, in any case of the view of or inquest on a dead body, unless it appears to the court that the coroner, either before or during the view or inquest, had reasonable cause to believe that such body was that of a person who had come to his death by violence or casualty, or who being unknown, was found dead within such county." This action evidently fixes a judicial discretion in the county court, as to the auditing and allowing fees and costs in such cases. This must " appear to the court." And upon the presentation of the certified statement provided for in section 5156, if it does not appear to the court that the coroner had reasonable cause to believe that the body was that of a person who had come to his death by violence or casualty, or who being unknown, was found dead in the county, it is clearly the duty of the court, in the proper exercise of its

discretion, to reject the account, and refuse to audit and allow the same.

The statute evidently fixes on the. county court the duty of deciding on the case before it whether it is such as comes within the law, and for the expenses of which the county is liable. The case of *Boisliniere v. Board of County Commissioners*, 32 Mo. 375, is not in point because the statute has been changed. Under that statute it was the duty of the coroner to decide. Under the present it is made the duty of the county court.

II. Mandamus is one of those extraordinary writs that can be resorted to only when there exists no other specific remedy. *State ex rel. Bohannon v. Howard County Court.* It is never resorted to to enforce the payment of a debt, when it can be collected by suit, unless the tribunal having jurisdiction refuses to act; in which case the order would be, not to render a specific judgment, but to proceed with the cause. *Mansfield v. Fuller*, 50 Mo. 338; *Ward v. Cole County Court*, 50 Mo, 401; *Strahan v. Audrain County Court*, 65 Mo. 644. In this case upon presentation of the expenses and fees for which it is alleged Mississippi county is liable, and the refusal of the court to allow them, there existed the undoubted right to appeal. R. S. 1879, §§ 1210, 1216. A specific legal remedy existed, and hence mandamus will not lie.

The judgment below is reversed and the writ dismissed. All concur.