THE STATE *ex rel.* CARROLL v. THE COUNTY COURT OF CAPE GIRARDEAU COUNTY, *Appellant.*

DIVISION ONE.

**Mandamus:** COUNTY COURT: APPEAL. *Mandamus* will not lie to compel payment by a county court of a rejected demand against the county, since the specific remedy of an appeal is conferred by statute. (R. S. 1889, sec. 3443.)

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. S. M. GREEN, Special Judge.

REVERSED.

*W. H. Miller* for appellant.

The writ ought to have been quashed, because relator had an adequate remedy at law, and it is apparent upon the face of the application and writ itself. The power to audit and settle demands against a county is conferred on the county court. R. S. 1889, sec. 3422. When the county court refuses to allow an account appeal is the remedy. R. S. 1889, secs. 3434, 3443; *Railroad v. St. Louis*, 92 Mo. 160; *State ex rel. v. Bollinger Co.*, 48 Mo. 475; *State ex rel v. McGown*, 89 Mo. 156; *State v. Horner*, 16 Mo. App. 191.

*J. B. Dennis* for respondent.

(1) When a legal liability has once been ascertained, it is no longer debatable. It may be enforced by *mandamus*. *School Dist. v. Lundenbaugh*, 80 Mo. 190. (2) *Mandamus* will lie to compel the county court to do its duty respecting roads. *County Court v. McFarland*, 12 Mo. 166. (3) To compel county courts to pay the damages assessed to a person through whose land the road passes. *Wilson v. Berkstresser*, 45 Mo. 283. (4) It was long ago held that, when the county court refused to draw their warrant on the treasurer of the county, directing him to pay an account which had been allowed by the circuit court to its clerk for office rent, *mandamus* from the circuit court is the proper remedy. *Boone Co. v. Todd*, 3 Mo. 140; *County Court v. Rutland*, 5 Mo. 269. (5) In *State ex rel. v. Heege*, 40 Mo. App. 650, it was held that a county court acts ministerially in auditing fee bills of justices of the peace and constables for costs, etc., after proper certification thereof by the circuit court and prosecuting attorney, and that *mandamus* would lie to compel the county

court to do its duty, etc. *State ex rel. v. Garesche*, 65 Mo. 480; *State ex rel. v. Smith*, 5 Mo. App. 427; *State ex rel. v. Smith*, 15 Mo. App. 423.

SHERWOOD, P. J.—This cause originated in the common pleas court of Cape Girardeau, the alternative writ of *mandamus*, which issued herein, omitting caption, being as follows:

"Be it remembered that, on the thirteenth day of December, 1889, before me, Maurice Cramer, judge of the Cape Girardeau court of common pleas, in vacation, come the state of Missouri *ex rel.* James Carroll and presents his petition, praying that a writ of *mandamus* issue against the county court of Cape Girardeau county, Missouri, and William G. Schneider, chief justice, and James Caldwell and Elam W. Russell, associate justices of said court, from which said petition it appears that at the May term, 1889, of the Cape Girardeau court of common pleas, relator was, by an order of record of said Cape Girardeau court of common pleas, appointed a commissioner to ascertain and furnish the court room, judge's, sheriff's, jury and library rooms of said court with suitable furniture as was necessary for the transaction of the business of said court; that the said relator complied with said order so made by said court in furnishing said rooms, and made his report thereon, accompanied by an itemized statement of his account therefor, amounting to $1,395.18, which report was accepted, and said account was duly examined, approved and allowed by said court in open court, and caused the same to be certified to the county court of Cape Girardeau county, for payment; that thereafter, to-wit, on the —— day of November, 1889, said account duly certified, as by the court directed, was presented to said county court for payment, which said court refused to do. And, it

further appearing that there is no adequate remedy afforded said relator at law, and that the said several allegations of relator are true. These are, therefore, to command now the said county court of Cape Girardeau county, Missouri, and William G. Schneider, James Caldwell and Elam W. Russell, justices thereof, forthwith upon the receipt of this writ, by the proper order, to direct the payment of said account out of the funds of said county by the treasurer thereof, or show cause on or before the second day of the January term of this court, 1890, beginning on the twenty-seventh day of said month, why you have not so done.

"MAURICE CRAMER,

"Judge of the Cape Girardeau Court of Common Pleas."

Thereupon, the parties respondent moved to quash the alternative writ, alleging as grounds that:

*First.* The petition for said writ on its face does not state facts to authorize the issuance of said writ.

*Second.* The writ on its face does not state facts authorizing the recovery sought.

*Third.* Upon its face said writ is illegal and void, and shows that it was improvidently issued.

*Fourth.* Said writ and application are wholly and utterly insufficient in law.

*Fifth.* Upon the face of the writ it is apparent that relator has an adequate remedy at law.

This motion to quash the court denied, and the motioners, electing to stand on their motion, the court ordered a peremptory writ to issue, and, after an appropriate motion to set aside this order, the motioners bring this cause here on appeal.

I. Section 3443, Revised Statutes, 1889, provides that: "If any account shall be presented against a county, and the same, or any part thereof, shall be rejected by the county court, the party aggrieved

thereby may prosecute an appeal to the circuit court in the same manner as in other cases of appeal from the county to the circuit court; and the circuit court shall proceed to hear, try and determine the case anew," etc. See also section 3434 of same chapter and article.

The statutory provisions quoted gave the relator a specific remedy, to-wit, by appeal; and when this is the case the extraordinary remedy by *mandamus* cannot successfully be invoked. *State ex rel. v. Lubke*, 85 Mo. 338; *Blecker v. Commissioner*, 30 Mo. 111; *State ex rel. v. Marshall*, 82 Mo. 484; *Mansfield v. Fuller*, 50 Mo. 338; *State ex rel. v. County Court*, 39 Mo. 375.

The position here taken that there being a specific legal remedy provided in this class of cases, and, therefore, that *mandamus* cannot be employed to give relief, is distinctly recognized in *State ex rel v. County Court*, 48 Mo. 475, and in the more recent case of *Railroad v. St. Louis*, 92 Mo. 160.;

II   A motion was made in this cause some time ago to transfer this cause to the St. Louis court of appeals, on the ground that the amount found to be due relator was only $1,393.18; and that, as the county of Cape Girardeau was not a party within the meaning of section 12 of article 6 of the constitution, and that, therefore, the court of appeals, and not this court, had jurisdiction.

This motion to transfer was, however, denied by a majority of this court. I still entertain the opinion that this cause should have been transferred. The judgment will be reversed. All concur.