FRANK, *Appellant*, v. CITY OF ST. LOUIS.

Division Two, October 17, 1898.

Mayor: JUDICIAL ACTION: POST MORTEM EXAMINATIONS. Where a city ordinance provides that, when a physician or surgeon shall be called upon by the coroner to make a *post mortem* examination, "the mayor shall be authorized to allow" him "a fee not exceeding $25, which shall be paid out of the treasury in the usual manner," and the physician presents his bill to the mayor and he refuses to allow him anything, he can not recover the value of his services from the city. The mayor in such case acts judicially. Had he refused to act at all, he might have been compelled to do so by *mandamus*. But the allowance was discretionary with him and having exercised his discretion against the demand, the physician's rights are concluded thereby.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Leverett Bell* for appellant.

The ordinance of the city of St. Louis providing that when a physician or surgeon shall be called on by the coroner to conduct a *post mortem* examination, the mayor shall be authorized to allow such physician or surgeon a fee not exceeding $25 which shall be paid out of the treasury in the usual manner, creates an indebtedness against the city in favor of a physician or surgeon employed in the manner and for the purposes

above stated, and in the event of the mayor refusing without cause to allow said physician or surgeon any compensation, the same may be recovered in an action for the value of the services rendered, within the limit named. *State ex rel. v. Marshall*, 82 Mo. 484; *State ex rel. v. County Court*, 83 Mo. 539; R. S. 1889, secs. 2461, 2468, 3422, 3443.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondent.

(1) The coroner of the city of St. Louis is charged with the performance of the same duties in the city as are required of coroners of the different counties of the State. Laws of 1893, p. 117; R. O. 1892, p. 458, sec. 91. (2) Inquests are properly held only where there is reason to suppose that the person found dead came to his death by violence or casualty. R. S. 1889, secs. 2442, 2463; *State ex rel. v. Marshall*, 82 Mo. 484. (3) Although the petition in this case alleges that plaintiff, in the course of only one year, conducted one hundred and fifty nine examinations, the petition is absolutely silent as to the necessity or propriety of such examinations. *State ex rel. v. County Court*, 83 Mo. 539. (4) It was for the mayor to determine whether the necessity for these *post mortems*, existed, and in that regard he acted judicially. *State ex. rel. v. Flad*, 108 Mo. 614.

BURGESS, J.—This is an action by plaintiff, who is a physician and surgeon, against the city of St. Louis, to recover the sum of $1,590, as compensation for services rendered by him in his professional capacity in holding a large number of *post mortem* examinations on dead bodies of persons in said city, at the request of its coroner, John N. Frank.

The material allegations of the petition are as follows:

"The plaintiff states that the defendant is and has been since the year 1822 a municipal corporation existing under the law of Missouri; and that the plaintiff during the year 1894 and prior thereto was and is a physician and surgeon engaged in the practice of said profession in the city of St. Louis. That during the times hereinafter mentioned John N. Frank was the coroner of the city of St. Louis, duly elected to that position and holding and exercising the duties of the office. That during all of said times there was and is in force an ordinance of the city of St. Louis, numbered 17188, entitled 'An ordinance in revision of the ordinances of the city of St. Louis, and to establish new ordinance provisions for the government of said city,' approved April 7, 1893, and that by section 100 of said ordinance it was and is provided that 'when a physician or surgeon shall be called on by the coroner to conduct a *post mortem* examination, the mayor shall be authorized to allow such physician or surgeon a fee not exceeding twenty-five dollars, which shall be paid out of the treasury in the usual manner.' That during said year the plaintiff was called on by the coroner aforesaid to conduct 159 *post mortem* examinations in the city of St. Louis on the following bodies and dates, to wit: . . . . .'. . That the plaintiff duly conducted said *post mortem* examinations in a creditable and satisfactory manner and expended his time and knowledge therein, and that his services in the matters aforesaid were worth the sum of ten dollars for each *post mortem* examination so made by him as aforesaid. That the facts that said *post mortem* examinations were made by the plaintiff, and that plaintiff was called on to make the same by the coroner of the city of St. Louis, and that the value of plaintiff's services in each case was ten dollars and

that he was entitled to have the same of the defendant, were duly certified to the mayor of the city of St. Louis, by the coroner of said city, and the mayor without cause refused to allow the plaintiff any compensation for his services in the premises, and thereupon the city of St. Louis became obligated to pay the plaintiff the sum of $1,590 by reason of the matters aforesaid, which, although often demanded, remains wholly due and unpaid, and for which with interest and costs plaintiff prays judgment."

Defendant demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to plead further, judgment was rendered in favor of defendant for cost. Plaintiff appealed.

It is claimed by plaintiff that the ordinance of the city of St. Louis, providing that when a physician or surgeon shall be called upon by the coroner to conduct a *post mortem* examination, the mayor shall be authorzed to allow him a fee not exceeding $25, which shall be paid out of the treasury in the usual manner, creates an indebtedness against the city in favor of the physician or surgeon so employed, and in the event of the refusal by the mayor without cause to allow such physician and surgeon any compensation, the same may be recovered in an action for the value of the services rendered, within the limit named.

This position seems to us to be untenable. While the ordinance provides that the mayor shall be authorized to allow any physician or surgeon who shall be called upon by the coroner to conduct a *post mortem* examination a fee not exceeding $25, to be paid out of the treasury, the petition avers that the mayor did act upon plaintiff's claim and refused to allow anything. The only fair interpretation to be placed

upon the ordinance would seem to make the allowance of some amount by the mayor for the services rendered a condition precedent to their payment or recovery by suit against the city.    It was for him to determine whether plaintiff was entitled to the compensation claimed or not, or any part thereof, and in so doing he acted judicially, and his action can not be reviewed in this proceeding.    *State ex rel. Heman v. Flad*, 108 Mo. 614.

Had the mayor refused to act he might have been compelled to do so by *mandamus,* but it being discretionary with him as to whether or not plaintiff should be allowed compensation against the city for the services sued for and having exercised that discretion and refused to allow any compensation, *mandamus* will not lie.    *Brem v. County Court*, 9 Ark. 240.

The case is analogous to that of *The State ex rel. Patterson v. Marshall*, 82 Mo. 484, in which it is *held* that the allowance of fees to a coroner for an inquest on a dead body, is, under section 5157, Revised Statutes 1879, subject to the discretion of the county court.

That section and the ordinance are substantially the same.

The judgment is affirmed.    GANTT, P. J., and SHERWOOD, J., concur.