THE STATE ex rel. LYMAN W. FORGRAVE v. THOMAS J. HILL et al., Appellants.

In Banc, November 17, 1917.

MANDAMUS: Against County Court: By Justice of Peace for Salary: Remedy. The Act of March 23, 1915, provided for four justices of the peace in townships containing a designated number of inhabitants, to be paid an annual salary of $2000, payable monthly out of the county treasury. Relator was one of the four in such a township, which was the only one of the designated population in the State. He filed a written claim with the county court for salary then due and demanded payment. The court refused to allow the claim on the ground that there was no law authorizing its allowance. He then brought this suit by mandamus against the county court to compel them to pay his salary. *Held*, that, though the Legislature may have power to provide for the payment of salaries to justices of the peace out of the county treasury, it cannot take away from the county the right to call in question both the facts and the law on which the payment of such a salary is demanded; and since the question of whether said statute is constitutional is a judicial one, and the statute gives to relator the right to appeal from the action of the county court in refusing to issue the warrant, and he has besides the right to sue the county for his salary, he cannot proceed by mandamus against the county court to enforce that right.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen*, Judge.

Reversed.

*W. H. Haynes* for appellants.

(1) The relator had the right to appeal from the said final judgment of the county court to the circuit court. Secs. 4096, 4091 and 3956, R. S. 1909. (2) Where the right of appeal exists mandamus does not lie. State ex rel. v. Macon County Court, 68 Mo. 48; State ex rel. v. Marshall, 82 Mo. 488; State ex rel. v. County Court, 83 Mo. 539; State ex rel. v. Megoun, 89 Mo. 157. Where any other adequate remedy exists,

mandamus does not lie.    (3)   Relator had the right to sue the county. Givens v. Daviess County, 107 Mo. 607.

*Charles F. Strop* and *Graham & Silverman* for respondent.

(1) Mandamus was the proper remedy.    Neither appeal nor direct action against the county furnished respondent an adequate remedy at law. High, Extraordinary Legal Remedies (1 Ed.), secs. 17, 104; State ex rel. v. Gilbert, 163 Mo. App. 679; State ex rel. Emmons v. Farmer, 196 S. W. 1106.    (2) The duties of appellants under the Act of 1915 (Laws 1915, p. 324) are purely ministerial. State ex rel. v. Gilbert, 163 Mo. App. 686; Roberts v. United States, 176 U. S. 221. (3) Ministerial officers cannot raise the constitutionality of an act as an excuse for failure to obey the same. State ex rel. v. Williams, 232 Mo. 75.

ROY, C.—This is a proceeding by mandamus in which plaintiff had judgment, and defendants have appealed.

The relator is one of the justices of the peace of Washington Township, Buchanan County, and the defendants are the judges of the county court of that county.

The Legislature passed an act entitled, "An Act entitled justice of the peace in townships containing seventy-five thousand inhabitants and not over one hundred and fifty thousand inhabitants," which was approved March 23, 1915, and is found in Laws 1915, at page 324. Section one of that act provides for four justices of the peace in each of such townships with an annual salary of $2,000 each, payable monthly out of the county treasury.    Section two provides that such officer shall, before entering on his duties as such, give bond in the sum of $2,000 to be approved by the county court.    Section three provides that the county court may require a new bond whenever any surety shall die, remove from the county or become insolvent.    Sec-

tion four requires such officer to pay all fees collected by him for his services into the county treasury every thirty days, accompanied by a sworn statement by him. Section seven provides for furnishing such justices each with an office, stationery, light and heat, and with a clerk at a salary of seventy-five dollars per month, payable out of the county treasury. That act went into effect June 19, 1915.

At that time, the relator herein, Lyman H. Forgrave, was one of the four duly elected, qualified and acting justices of the peace of said township. It is agreed by the parties herein that said township is the one in which the city of St. Joseph is situate, and that it is the only township in the State having a population of seventy-five thousand and less than a hundred and fifty thousand.

At the time said act took effect, the relator tendered to said county court a bond in the sum of $2,000 with sufficient sureties, conditioned for the performance of his duties under such act, but the court refused to approve the same. Relator paid into the county treasury all fees for his services that had been collected by him during the time from June 19, 1915, to August 31, 1915, inclusive, accompanied with a statement of the same.

At the August term of the county court the relator filed in said court a written claim and demand for his salary as such officer for the period above mentioned, amounting to $400, and demanded of said court that it order a warrant to be issued and drawn on the county treasury in favor of the relator for said sum. On September 15, 1915, said court, at said term, heard and considered said claim of relator, and refused to allow it, and its judgment of such disallowance was entered on its record. That entry stated that the reason for such refusal to allow such claim was because there was no law authorizing its allowance. There was no appeal from that order.

As to the pleadings, we will only say that they are sufficient to raise the points of law here discussed, and there is no contention as to the facts essential to this discussion.

I. The parties disagree as to whether said act of the Legislature has any application to the relator here-

**Bond.** in. That act says nothing special about the justices then in office, and it merely provides that the justices of the peace, *before entering upon the duties of such office* shall give such bond. There is no provision for a vacancy in the office if one of the then incumbents should fail to give bond.

We do not undertake to say whether the act was intended to provide a salary for the persons then holding such offices, but we do hold that this relator is not by that act required to give any bond, and, therefore, that he is not entitled to have an order approving the bond which was tendered by him.

II. We are of the opinion that the plaintiff is not entitled to proceed by mandamus to compel the payment

**Mandamus.** of the salary which he claims. The defendants claim that the above mentioned act of the Legislature is void for several reasons which we will not mention. Plaintiff claims that the county court acts merely in a ministerial capacity in passing on such demands, and that it can be compelled by mandamus to issue the warrant necessary for such payment, and that it has no power to raise the question as to the constitutionality of such act of the Legislature.

It may be conceded that an officer who acts in a purely ministerial capacity, such as a county treasurer in the payment of a county warrant properly drawn on him, may be compelled by mandamus to do the ministerial acts required of him, and that he will not ordinarily be heard to question the constitutionality of the law under which such warrant is drawn. [State ex rel. v. Williams, 232 Mo. 56.] There are numerous other cases which need not be cited.

There is a sound reason for that rule. It is this: The auditing of demands and claims of various kinds against a county is lodged generally in the county court. In the case above cited the power to audit and allow the salary of the prosecuting attorney was placed by the law in the clerk of the circuit court. The

power and duty to audit a claim against a county carry with them the responsibility of examining into the facts and the law upon which the claim is based. If the claimant and the auditor (whether such auditor is a person or a so-called court) disagree as to the facts or the law, the county has the right to have the matter adjudicated by a judicial tribunal. If such auditor allows the claim and issues a warrant for its payment, the county treasurer acts purely in a ministerial capacity in the payment of such warrant. The treasurer in such a case is not concerned with the question of the validity of the original claim against the county.

It is true that the county court in auditing such demands does not act in a judicial capacity. There are many cases so holding. In Reppy v. Jefferson County, 47 Mo. 66, it was said:

"Defendant's counsel first contend that the rejection of the claim is a judgment; that the plaintiff is concluded by it, and cannot prosecute in the circuit court. This claim is wholly untenable. The county court, in auditing claims against the county, is but its financial agent, and not a judicial body. It represents the county, and in the numerous prosecutions against it, from the earliest times, it has never been held that a rejected claim was *res adjudicata*. [Phelps County v. Bishop, 46 Mo. 68.] The idea that a disallowance of a claim operated as a judgment against the claimant has arisen in part from the fact that an appeal is allowed from such action. This, however, is but a statutory mode of bringing the county into the circuit court without original process, and the claimant may avail himself of it or commence suit."

Sears v. Stone County, 105 Mo. 236, and Givens v. Daviess County, 107 Mo. 603, are to the same effect. The last case mentioned was a suit by a county treasurer for his salary. It was there said:

"It must be confessed that there seems, upon first view, to be some conflict in these sections, but we think all conflict disappears when we remember that

the county court when engaged in auditing, adjusting and settling accounts is not acting in a strictly judicial capacity, but rather as the financial, or administrative, agent of the county, and the right of appeal from its order rejecting a claim is merely a summary and inexpensive method of commencing the suit in the circuit court. [Sears v. Stone County, 105 Mo. 236, and authorities cited.] Under this construction of these sections we think the presentation of an account to the county court for settlement would have no more effect than a demand for settlement and payment, by a creditor, to any other debtor. The failure to make such presentation would not be available as a defense unless a tender is made of the amount due as provided by section 1018.''

On the other hand the county court does not act ministerially in passing on such claims. In State ex rel. v. Meier, 143 Mo. 439, a ministerial act is defined thus:

''A ministerial act is one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed.''

It ought not to be said that the county court, in auditing such claims, acts ''without regard to its own judgment or opinion concerning the propriety or impropriety of the act to be performed.'' The public good requires that it shall act strictly in accordance with its opinion as to the propriety of such action.

One of the latest utterances of this court on the subject is in State ex rel. v. Diemer, 255 Mo. 336, where we find the following language:

''In the allowance of claims against a county or in settling with county officers, county courts do not act so strictly as a court, or in the performance of a judicial function, that their allowance or disallowance of a claim is *res adjudicata*. Something of substance might be said in favor of the contrary theory, but at

an early day this court considered our statutes and announced the doctrine, on the reason of the thing and because of a good public policy, that county courts in the allowance of claims, as in settling with officers, acted as a mere public board of audit, as ministerial, administrative or fiscal agents for the county and not strictly as a court, hence we have uniformly refused to apply the doctrine of *res adjudicata* to their orders allowing or disallowing claims against the county, or to their settlements with county officers.''

A long list of cases is there cited.

That case and the case of Marion County v. Phillips, 45 Mo. 75, are the only ones which we have found that use the word ''ministerial'' in that connection. The other cases speak of the county court as the ''auditing board,'' the ''fiscal or administrative agent'' of the county. So far as we know this court has never held that the county court can be compelled by mandamus to draw its warrant in payment of a claim against the county where that claim has not been reduced to judgment. The only case which the respondent has been able to cite on that point is State ex rel. v. Gilbert, 163 Mo. App. 679. In that case the county court had by proper entry of record ordered a warrant to issue in payment of the salary of the county counsellor. The presiding judge of the county court refused to sign that warrant. In a proceeding by mandamus to compel him to do so, the Kansas City Court of Appeals, speaking of the statute which provided for the payment of the salaries of county officers, said:

''Under this section, the county court had no discretion whatever. It was bound to issue relator a warrant for each month for the amount of his salary then due, whether there was any money in the treasury or not. It was the only way in which he could get his pay as an officer of the county.''

That language is clearly an *obiter dictum*. The fact that the claim for the officer's salary had been audited and a warrant ordered to issue therefor made

State ex rel. v. Hill.

it the ministerial duty of the presiding judge to sign the warrant. [R. S. 1909, sec. 3789.]

There was no occasion in that case for the court to decide whether the action of the county court in allowing a warrant for official salaries under section 10739, Revised Statutes 1909, was merely ministerial or whether it was that of an "auditing body" or "administrative agent." The county court had there done its full duty in ordering the warrant to issue, and that proceeding by mandamus was not against the county court to compel the auditing of the claim, but was against the president of that court to compel the ministerial act of signing the warrant.

III.   Article 3 of our State Constitution says:

"The powers of government shall be divided into three distinct departments—the legislative, executive and judicial,—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this Constitution expressly directed or permitted."

Although the Legislature may have power to provide for the payment of a salary to justices of the peace out of the county treasury, it cannot take away from the county the right to call in question both the facts and the law on which the payment of such a salary is demanded. If the county court has no right to raise the question of the constitutionality of said act of the Legislature, then the county must go on paying $8,000 a year regardless of the question as to whether there is any valid law for such payment. It belongs to the executive (or administrative) branch of the government (in this case to the county court) to say whether it will demand that the law and the facts shall be decided by the judicial department of the government before payment is made, and the Legislature cannot

<span style="float:left">Right of County Court.</span>

deprive the county of that right.    In State ex rel.
Pittman v. Adams, 44 Mo. 570, it was said:

"But an act declaring a forfeiture, if outside of
legislative authority, cannot be strengthened by re-
citing facts that might judicially work a forfeiture,
unless those facts have been judicially passed upon.
An act may recite a judgment of forfeiture as a proper
foundation for any legislation warranted by such judg-
ment, but the question of forfeiture is strictly judicial,
and the Legislature cannot constitutionally know either
that the facts exist or their legal effect.  It would be
absurd to hold that we are bound by a recital of facts
which the Legislature had no right to find, and by an
assumption of their effect which it had no right to de-
clare."

The question as to whether the statute in contro-
versy here is constitutional is a judicial one. The county
has the right to have that question decided by the courts
before its warrant is drawn for the payment of re-
lator's salary.

The statute gave the relator the right to appeal
from the action of the county court in refusing to
issue a warrant for his salary, and he still has the
right to sue the county for such salary. Such being the
case, he has no right to proceed by mandamus to en-
force such right. [State ex rel. Patterson v. Marshall,
82 Mo. 484; State ex rel. Betts v. Megown, 89 Mo. 156;
State ex rel. Carroll v. Cape Girardeau County Court,
109 Mo. 248.]

The judgment is reversed.

PER CURIAM:—The foregoing opinion of Roy,
C., is adopted by the Court in Banc as the opinion of
the Court in Banc. *Walker* and *Williams, JJ.,* concur;
*Bond* and *Blair, JJ.,* concur in result; *Graves, C. J.,*
and *Faris* and *Woodson, JJ.,* dissent.