THE STATE ex rel. ANDREW MITCHELL, Appellant, v. GEORGE ROSE et al., Judges of County Court of McDonald County.

In Banc, March 15, 1926.

1. **VITAL STATISTICS: Fees of Local Registrar.** The Legislature has power to provide for the payment out of the county treasury of the fees to which the local registrar of vital statistics is entitled for reporting the number of births and deaths; but the Legislature cannot take away, and has not attempted to take away, from the county court its right to call in question both the facts and the law on which the payment of such fees is demanded. The county court is not compelled, without question or audit, to allow the amount of money to which the State Registrar has certified the local registrar is entitled, but has a right to investigate and determine whether the number of deaths and births as certified is correct.

2. ————: ————: Mandamus. Mandamus is not the proper remedy to compel the payment by the county court of the fees claimed by a local registrar of vital statistics, where his demand is based on the certificate of the State Registrar certifying that the number of births and deaths and the amount of the fees as therein stated is correct; but the remedy of the local registrar is (a) by filing his claim for fees with the county court, and upon its disallowance by appeal to the circuit court, or (b) by a direct suit against the county brought in the circuit court; and having an adequate remedy at law, mandamus is not available.

Counties, 15 C. J., Section 364, p. 651, n. 23; Section 365, p. 651, n. 24.
Mandamus, 38 C. J., Section 31, p. 558, n. 74; Section 36, p. 565, n. 24;
Section 39, p. 568, n. 53.
313 Mo. Sup.—24.

Appeal from McDonald Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*Lon Kelley* and *James M. Tatum* for relator.

(1) The statute fixed the fees of local registrars of vital statistics and made it the duty of the county courts to pay said fees upon the state registrar certifying the names of the registrars and the amount of their fees to the county courts. Sec. 5815, R. S. 1919. (2) Ever since Platt County v. McFarland, 12 Mo. 166, mandamus has been regarded as the proper proceeding to compel a recalcitrant county court to do its duty. Besides the writ of mandamus in modern practice is treated as an ordinary writ, issuable as of course upon a proper cause shown. State ex rel. Baker v. Fraker, 166 Mo. 130. (3) Where the county court is, by the statute, directed to pay fees, mandamus is the proper remedy to compel it to so do. State ex rel. Jacobi v. Heege, 40 Mo. App. 650. (4) Though a party may have another remedy yet he is entitled to the writ of mandamus to compel a ministerial officer to exercise his function. The rule as to adequacy of other remedies does not apply. State ex rel. v. Wilson, 158 Mo. App. 105; In re Estate of Flick, 212 Mo. 275. (5) Respondent's motion to quash admits all allegations of the petition well pleaded. State ex rel. v. Hitchcock, 171 Mo. App. 109. (6) The allegations of the petition are sufficient and the form good. State ex rel. v. Fraker, 166 Mo. 130.

*O. R. Puckett* for respondent.

(1) The case of State ex rel. Forgrave v. Hill, 272 Mo. 206, in which the same legal questions involved in this case were reasoned out and decided, controlled the

decision of the circuit court in this case. (2) Mandamus is an extraordinary legal remedy and cannot be invoked if relator has an adequate remedy at law. Forgrave v. Hill, 272 Mo. 214; State ex rel. Carroll v. Cape Girardeau Co., 109 Mo. 248. (3) Appellant in this case has two adequate remedies at law. First: An appeal to the circuit court upon rejection of his claim by the county court, for hearing *de novo*. Secs. 2574, 9560, 2584, 2589, R. S. 1919. Second: Appellant had the right to sue the county directly in the circuit court by an ordinary action at law, notwithstanding its rejection of the claim, since a rejected claim is not *res adjudicata,* and the right of appeal is but a statutory mode of bringing the county into the circuit court without original process, claimant may avail himself of it or bring suit. Right of appeal is considered as merely a summary method of commencing suit in the circuit court. Sears v. Stone County, 105 Mo. 236; Givens v. Daviess County, 107 Mo. 603; Forgrave v. Hill, 272 Mo. 210. (4) The Legislature cannot deprive the county court of the right to call in question both the facts and the law upon which the payment of county funds is demanded. It belongs to the executive (or administrative) branch of the government (in this case the county court) to say whether it will demand that the law and the facts shall be decided by the judicial department of the government before payment is made. Forgrave v. Hill, 272 Mo. 213.

OTTO, J.—This is a proceeding in mandamus in which respondents had judgment and relator has appealed. The relator is Local Registrar of Vital Statistics for Registration District No. 518, which is in McDonald County, Missouri. The respondents are the judges of the county court of that county. The State Registrar of Vital Statistics in his annual report certified to the respondents, the County Court of McDonald County, the number of births and deaths reported in said county, together with the names of the local registrars and the amount due each

for services rendered as such registrar. The annual report so certified included the account of the relator, and fixed the amount due him for services rendered as local registrar in the sum of $22.75. This report was duly certified and filed with the county court by the State Registrar of Vital Statistics, and on the 1st day of October, 1923, the court took up the matter of this demand, considered it and disallowed it. This proceeding was then brought for the purpose of compelling its payment.

There is no contention as to the facts essential to this discussion. There is only one question presented and that is one of law. It is contended that mandamus is not the proper remedy.

The compensation of relator is fixed by Section 5815, Revised Statutes 1919, which, in so far as is here material, is as follows:

"Sec. 5815.  *Fees for local registrars.*—Each local registrar shall be entitled to be paid the sum of twenty-five cents for each birth and death certificate properly and completely made out and registered with him, and correctly copied and duly returned by him to the State Registrar, as required by this article, and in case no births or deaths were registered during any month, the local registrar shall be entitled to be paid the sum of twenty-five cents for each report made to that effect, promptly made in accordance with this article. The amounts of money due and payable to the registrars under the provisions of this section shall be certified to the county courts, which courts shall pay the same by warrant drawn upon the County Treasurer and payable out of the contingent fund of the county. The State Registrar shall annually certify to the county courts of the several counties the number of births and deaths registered, with the names of the local registrars and the amounts due at the rate fixed therein; . . ."

The exact amount to which the local registrar may become entitled is not fixed by the foregoing statute, except as it depends upon the number of births and deaths oc-

curring in his district as ascertained by the State Registrar from reports made by relator, thus establishing a debt against the county without affording the court an opportunity to examine and audit the account and compelling the county court to disburse county funds on account of a report of births and deaths of which it may have evidence at hand did not occur. Although the Legislature has the power to provide for the payment of the fees to which the relator might be entitled out of the county treasury, it cannot take away from the county court the right to call in question both the facts and the law on which the payment of such fees is demanded. If the county court has no right to raise the question as to whether or not the number of births and deaths as certified to it by the State Registrar in fact occurred, then the county court must go on paying the fees demanded by the relator as certified to the county court, regardless of the fact whether or not such reports are correct.

The various provisions of the Constitution and statutes, Article VI, Section 36, Constitution of Missouri, and Sections 2574 and 9560, Revised Statutes 1919, demonstrate that it is not only within the power, but is the duty of the county court, to look after public funds, examine, audit, adjust and settle all accounts to which the county shall be a party, and to pay out of the county treasury any sum of money found to be due by the county on such accounts; in short, responsibility for the safety of public funds, the accuracy and honesty of accounts and statements of officials is imposed on the county courts. It is for the county court to audit the claim of the relator to determine the correctness of same and to say whether it will demand that the correctness of the reports made to it by the State Registrar shall be decided by the judicial department of the government before payment is made. [State ex rel. Forgrave v. Hill, 272 Mo. 206, l. c. 213, 198 S. W. 844.]

We are of the opinion that mandamus is not the proper remedy to compel the payment of the fees claimed by

relator. Mandamus is an extraordinary legal remedy and cannot be invoked if relator has an adequate remedy at law. [High, Extraordinary Legal Remedies (3 Ed.) par. 21; 38 C. J. p. 558, par. 31; State ex rel. Forgrave v. Hill, 272 Mo. 206, 198 S. W. 844; State ex rel. Carroll v. County Court of Cape Girardeau County, 109 Mo. 248, 19 S. W. 23; State ex rel. Patterson v. Marshall, 82 Mo. 484; State ex rel. Bohannon v. County Court of Howard County, 39 Mo. 375; State ex rel. Wheeler v. McAuliffe, 48 Mo. 112; State ex rel. Hutton v. Scott County Court, 197 S. W. (Mo.) 347; State ex rel. v. Thurman, 232 Mo. 130, 1. c. 164, 132 S. W. 1157; State ex rel. v. Ross, 245 Mo. 36, 1. c. 44.]

Relator has an adequate remedy at law.

First: After his claim for fees has been filed with the county court and in case of an adverse decision, he then can appeal to the circuit court and have a trial *de novo* as in appeals from justices of the peace. [Secs. 2574, 2584, 2589, R. S. 1919.]

Section 2589, Revised Statutes 1919, provides that if any account shall be presented against a county, and the same, or any part thereof, shall be rejected by the county court, the party aggrieved thereby may prosecute an appeal to the circuit court in the same manner as in other cases of appeal from the county to the circuit court, and the circuit court shall proceed to hear, try and determine the case anew without regarding any error, defect or other imperfections in the proceedings of the county court. [Givens v. Daviess County, 107 Mo. 603, 1. c. 607, 17 S. W. 998.]

Second: He can sue the county directly in the circuit court in an action at law. [Givens v. Daviess County, 107 Mo. 603, 1. c. 607, 17 S. W. 998; Sears v. Stone County, 105 Mo. 236, 16 S. W. 878; State ex rel. Forgrave v. Hill, 272 Mo. 206, 1. c. 214, 198 S. W. 844.]

The relator having an adequate remedy at law he has no right to proceed by mandamus.

The judgment is affirmed. All concur, except *White, J.*, who concurs in the result.