STATE EX REL. STIPP v. CORNISH ET AL., JUDGES.*

Springfield Court of Appeals. Opinion filed February 17, 1930.

*Corpus Juris-Cyc References: Courts, 15CJ, section 511, p. 1080, n. 54.

*Thos. M. Saxton* for relator.

*Justin Ruark* for respondents.

SMITH, J.—This is a proceeding in mandamus in which respondents had judgment in the circuit court and the relator has appealed. The appeal was taken to the Supreme Court of this State but the case was transferred here by the Supreme Court. The relator was the duly elected, qualified, and acting county clerk of Newton county, and served for the years 1919, 1920, 1921, and 1922. He claims that the county court should issue him a warrant for $1000, $500 for each of the years 1921 and 1922. He bases his contention upon the fact that the population of 1921 and 1922, determined by the vote at the presidential election in 1920, justified the increase of salary for $500 per year over the amount of salary due him for the two years previous, upon the theory that the vote at the general election in 1920 showed that the population was greater than that showed by the previous election, and because of the increase of population as so determined, or as it should have been determined by the county court, he was entitled to the increase of salary. In his petition for an alternative writ of mandamus he alleged the fact as above stated and alleged that at the presidential election held in November, 1920, there were cast at said election for the different presidential candidates in Newton county 9921 votes, and that by multiplying said number of votes so cast at said election by five, as provided by the statutes, that Newton county on the first day of January, 1921, had an estimated population of 49,605, and that by the provisions of the law according to section 11019, Revised Statutes Missouri 1919, the clerks of all such counties were allowed to retain as salary for their services as such county clerks the sum of $2500 per annum.

He alleged that it was the duty of the judges of the county court of Newton county, after the election in the year 1920 to determine the population of said county by multiplying the said number of votes cast for the presidential candidates in that county by five, and alleged that the judges of the county court failed to determine the population as provided by the statutes and failed to adjust his salary as the clerk of the county court in accordance with the increase of the population of that county as determined by the vote so cast, and continued during the years 1921 and 1922 to issue to the relator as a salary for services as said clerk, warrants issued monthly drawn on the county treasurer, at the rate of $2000 per annum. And alleged that during the years 1921 and 1922 he as the clerk of said county paid into the county treasury of Newton county fees in excess of the warrants issued to him as his salary, the sum of $1273.23. Of this amount $168.42 was collected for the year 1921 and $1104.81 was collected for the year 1922.

The relator further alleged that he was not versed and familiar with the law and method of determining the population of the several counties in the State and adjusting the salaries of the different clerks

with the increase. or decrease of the population of the counties, and especially of Newton county, and depended wholly upon the acts, judgments, and decisions of the county court, and that on the —— day of December, 1924, he filed with the clerk of the county court of Newton county a statement of the amount due him as his salary in the years 1921 and 1922, and asked that the judges of the said court issue a warrant drawn on the county treasurer of that county in favor of him in the sum of $1000 being the amount due him as unpaid salary for the years 1921 and 1922, and that the county court refused to issue said warrant, and closed with a prayer that the circuit court issue against the judges of the county court of Newton county a writ of mandamus, commanding and requiring them to issue a warrant in the sum of $1000 and interest from the first day of January, 1923.

In compliance with said petition the circuit court of Newton county issued its alternative writ of mandamus directing that the members of said county court issue a warrant for said amount prayed, or show cause, if any had, why said warrant should not be issued.

The members of the county court appeared and filed a motion to quash the writ of mandamus for the following reasons:

"First—The said writ was improvidently issued;

"Second—Such writ is not returnable to any certain day;

"Third—The alternative writ does not contain a copy of the petition;

"Fourth—The writ does not state facts sufficient to entitle the relator to the relief prayed for nor to any relief;

"Fifth—Mandamus cannot be obtained to secure payment of a disputed claim that has not been reduced to judgment;

"Sixth—Mandamus cannot be obtained to secure the performance by the county court of a non-ministerial act;

"Seventh—That if relator has any rights at all his proper remedy is at law where he has full and adequate relief;

"Eighth—Upon the pleaded facts the relator is not entitled to any relief whatever."

This motion to quash was by the court overruled and the respondent filed an answer, which answer we deem unnecessary to set out here. The evidence submitted was upon a stipulation of facts submitted and agreed to, by and between the relator and the respondents, which said stipulation of facts shows that the relator was the county clerk of Newton county for the years 1919, 1920, 1921, and 1922; that the relator has received full pay for services for the years 1919 and 1920; that for the year 1921 the relator did receive in money paid into his office the sum of $146.42 in excess of what was paid to him as salary and to his deputies as deputy and clerk hire, and that during the year 1921 the relator made four quarterly reports to the court showing

the fees received by him and the amount expended by him for clerk and deputy hire, and that the whole number of votes cast in said county at the presidential election in 1920 was 9921, and that at each of the quarterly settlements made by the county clerk to the court he did not claim any more, neither did the court offer him any more than the salary at the rate of $2000 per year, and that both relator and respondents accepted such settlement and acquiesced therein; that such settlements were not made under mistake of fact, but that both relator and respondents were under the impression and did believe that by the law of the State of Missouri the county clerks of the counties, elected at the election of 1918, be allowed to retain fees for their services in accordance with the estimated population as estimated by the vote cast at the election of 1916. That the relator did not by any expressed statement or agreement waive any right for a greater sum of salary unless, as a matter of law, such annual settlement and statements and quarterly reports amounted to such waiver. They agreed that for the year 1922 the relator turned over to the treasurer the sum of $323.21, the balance remaining after the deduction of his salary of $2000 and clerk hire, and that such salary was based upon the election of 1916 instead of 1920. That on the 7th day of May, 1923, after the relator was out of office and after the above settlements had been made, the relator received from the State of Missouri the sum of $735.60 as fees for making up the tax books, and that said fees were earned during the year 1922, and that such amount has been paid in and turned over to the county of Newton by the relator, and was paid and received without any expressed waiver or reservation with reference to the salary of the relator.

On the 11th day of June, 1926, the cause was submitted to the court upon the written stipulation of facts and the court found for the respondents and rendered judgment in accordance with his finding. On the same day the relator filed motion for new trial, which said motion was overruled and in due time an appeal was granted.

There is no contention as to the facts essential to this discussion. The questions presented are questions of law, and among the questions presented by the respondent to the circuit court in their motion to quash the writ, and also presented to us here, is that since the writ of mandamus is an extraordinary remedy it is only used to compel performance where there is no other adequate remedy, and that it will not lie to compel the county court to pay a debt where there is a remedy at law, unless the debt is first reduced to judgment. We have examined carefully the authorities cited by relator, as well as those cited by respondents, and it appears that the appellate courts have considered similar questions to this when brought through the extraordinary writ of mandamus, and it seems in some of those instances they have assumed the jurisdiction was properly lodged under

similar circumstances, where the point of jurisdiction was not questioned, but in many other instances our Supreme Court has held that mandamus is not the proper remedy to compel the payment of fees such as are claimed by the relator. The question has been discussed many times by our Supreme Court and we think determined definitely by that court. The case of State ex rel. Mitchell v. Rose et al., 281 S. W. 396, together with the many authorities cited in that case, fully determine this case as we understand it. On page 397 of that case our Supreme Court used this language:

"The various provisions of the Constitution and statutes (articles 6, 36, Constitution of Missouri, and sections 2574 and 9560, Revised Statutes Missouri 1919), demonstrate that it is not only within the power, but is the duty, of the county court to look after public funds, examine, audit, adjust, and settle all accounts to which the county shall be a party, and to pay out of the county treasury any sum of money found to be due by the county on such accounts; in short, responsibility for the safety of public funds, the accuracy and honesty of accounts, and statements of officials, is imposed on the county courts. It is for the county court to audit the claim of the relator to determine the correctness of same and to say whether it will demand that the correctness of the reports made to it by the state registrar shall be decided by the judicial department of the government before payment is made. [State ex rel. Forgrave v. Hill et al., 198 S. W. 844, 272 Mo. 206, loc. cit. 213.]

We are of the opinion that mandamus is not the proper remedy to compel the payment of the fees claimed by relator. Mandamus is an extraordinary legal remedy, and cannot be invoked, if relator has an adequate remedy at law. [High, Extraordinary Legal Remedies (3 Ed.), par. 21; 38 C. J. 558, par. 31; State ex rel. Forgrave v. Hill et al., 198 S. W. 844, 272 Mo. 206; State ex rel. Carroll v. County Court of Cape Girardeau, 19 S. W. 23, 109 Mo. 248; State ex rel. Patterson v. Marshall et al., 82 Mo. 484; State ex rel. Bohannon v. County Court of Howard County, 39 Mo. 375; State ex rel. Wheeler et al. v. McAuliffe, 48 Mo. 112; State ex rel. Hutton v. Scott County Court (Mo. Sup.), 197 S. W. 347; State ex rel. v. Thurman, 132 S. W. 1157, 232 Mo. 130, l. c. 164; State ex rel. v. Ross, 149 S. W. 451, 245 Mo. 36, l. c. 44, Ann. Cas. 1913E, 978.]"

Under the rulings of our Supreme Court we must hold that the relator had an adequate remedy at law and had no right to proceed by mandamus. Since that is true we deem it unnecessary to discuss the other questions raised in the briefs in this case. The judgment is affirmed. *Cox, P. J.*, and *Bailey, J.*, concur.